PELEG ADAMS *vs.* MAJOR H. TYLER & trustee.

Franklin. Sept. 20. — Dec. 14, 1876. COLT & MORTON, JJ., absent.

A county is chargeable in trustee process, for compensation due to a messenger in charge of its court-house, under appointment of the county commissioners at a fixed salary, ordered to be paid from the county treasury.

TRUSTEE PROCESS. The county of Franklin was summoned as trustee of the principal defendant, and the county treasurer in his answer disclosed that, before the service of this process, the county was indebted to the principal defendant in the sum of $125, for services performed as messenger in charge of the court-house, under an appointment by the county commissioners, at the rate of $500 per year, payable quarterly ; that he had been ordered to pay said sum, but, before payment was made, an assignment was presented to him of said sum, and the holder of the assignment claimed said sum of $125. Upon this answer, the question whether the trustee in any event might be charged, was submitted by agreement to the Superior Court, and, after judgment for the claimant and the discharge of the

trustee, to this court, on appeal. If the trustee might be charged, the case was to stand for trial; otherwise, the trustee to be discharged, and judgment for the claimant.

*A. De Wolf,* for the plaintiff.

*S. O. Lamb & C. C. Conant,* for the trustee.

AMES, J. By our law, all personal actions, with certain exceptions not necessary to be now considered, may be commenced by trustee process, and any person or corporation may be summoned as trustee of the defendant therein. Gen. Sts. *c.* 142, § 1. It is also provided that each county of the Commonwealth "shall continue a body politic and corporate for the following purposes: to sue and be sued, to purchase and hold for the use of the county personal estate, and lands lying within its own limits, and to make necessary contracts, and do necessary acts in relation to the property and concerns of the county." Gen. Sts. *c.* 17, § 1. And by § 5 it is made the duty of the county to provide a suitable court-house for the use of the county. There can be no doubt, therefore, of the right of the county of Franklin to make any necessary contract, not only for the providing of a court-house, but also for keeping it in a proper and convenient condition for use. The appointment of the principal defendant, at a fixed salary, as messenger, having the care of the court-house, and his acceptance of the appointment, constituted a contract which was binding upon the county. In such a state of things, there has never been a doubt that cities and towns are liable to be summoned as trustees, and we find nothing in any of the statutes upon this subject that places counties upon a different footing in this respect from cities and towns. The fact that the Legislature, in adopting the Rev. Sts. *c.* 109, § 6, struck out a provision recommended in the Commissioners' Report, ex·cepting counties, towns, parishes and religious societies from liability to be summoned as trustees, is a plain manifestation of their intent that all those corporations should be so liable. That provision of the Rev. Sts. is substantially reënacted in the Gen. Sts. *c.* 142, §§ 1, 10.

In *Williams* v. *Boardman,* 9 Allen, 570, it was held that the county of Essex was not chargeable as trustee for the fees of a juryman; but the decision was upon the ground that the juror's services are not rendered on any contract, express or implied,

between him and the county, but are rendered compulsorily, on a summons from a court, and the compensation is allowed by the court at which he attends, and is ordered by the court to be paid from the county treasury. Such compensation, says the court, per Metcalf, J., is neither goods, effects, or credits intrusted or deposited by the juror in the hands or possession of the county, within the meaning of the statute. But the same opinion is clearly to the effect that any sum for services rendered, due from an individual or corporation under a valid contract, is a "credit" intrusted in the hands of the employer, and attachable in this process.

Upon the terms of the agreement under which this case is presented to us, the question submitted to our consideration is whether this process could in any event, and independently of any consideration as to the validity of the assignment, be maintained against the county of Franklin as trustee of the princ'pal defendant. As our decision is that such a process is maintainable, the question as to the validity of the assignment remains to be tried. The result, therefore, is that the case is to

*Stand for further hearing.*