ELLIOT WALKER *vs.* ISAAC S. COOK & trustee.

Middlesex. Jan. 14. — Oct. 22, 1880. COLT & LORD, JJ., absent.

A town cannot be charged as trustee of an assessor of taxes, to whom no compensation has been voted, additional to that provided by the Gen. Sts. c. 11, § 52, as amended by the St. of 1873, c. 156.

TRUSTEE PROCESS. The town of Natick, summoned as trustee of the principal defendant, answered that, at the time of the service of process upon it, it had not in its hands or possession any goods, credits or effects of the defendant, and was not liable to be summoned or chargeable as trustee, unless the court should find otherwise on the following facts: At the annual March meeting of the town of Natick, the defendant was duly elected to the office of assessor of taxes for the current year. He accepted the office, was duly qualified, and entered upon and performed the duties of such office. Before the service of the plaintiff's writ, the assessors had completed their annual assessments,

and the warrant for the collection of taxes had been committed to the collector for collection, but no account had been rendered to the town of the number of days the defendant was employed in making the assessments. The defendant, before the service of this process, had been paid on account for his services the sum of $75, and no more; and the sum which he is entitled to receive for his services, under the statutes fixing the pay of assessors, exceeds that sum and any sum which may be claimed for exemptions and costs of trustee. There was no vote of the town to pay the defendant for his services, and no contract made in relation thereto, except such as may be inferred from the above facts. The defendant was also elected and served as an assessor of the town the previous year.

The Superior Court, after a verdict for the plaintiff, ordered the trustee to be charged; and the trustee appealed to this court.

*L. H. Wakefield*, for the plaintiff.

*P. H. Cooney*, for the trustee.

ENDICOTT, J. The statutes provide that each town shall every year choose three or more assessors; that if a town neglects so to do, it shall forfeit to the use of the Commonwealth a sum not exceeding five hundred dollars, nor less than one hundred dollars, as the county commissioners shall order; and that any person chosen assessor, who shall neglect to take the oath of office, shall forfeit the sum of fifty dollars; Gen. Sts. *c.* 18, §§ 31–34, 53. These forfeitures must be paid into the treasury of the Commonwealth. Gen. Sts. *c.* 176, §§ 1, 2. *Colburn* v. *Swett*, 1 Met. 232.

The assessors, therefore, are public officers, in the performance of whose duties the whole community has an interest. Towns have no authority to direct or control them, but all their powers and duties are prescribed and regulated by statute; and, in case they do not perform their duties, the town has no remedy against them. They are not, in any sense, the agents or servants of the town, and the town, by the election of assessors, enters into no contract with them for the payment of their services. *Walcott* v. *Swampscott*, 1 Allen, 101. *Hafford* v. *New Bedford*, 16 Gray, 297. *Barney* v. *Lowell*, 98 Mass. 570. An

assessor is entitled to receive, from the town, two dollars and a half a day for his services; and such other compensation as the town may allow. Gen. Sts. *c.* 11, § 52. St. 1873, *c.* 156. But, in the case at bar, the town of Natick did not vote any additional compensation. Assuming that an assessor can maintain an action to recover from a town his compensation of two dollars and a half per day, allowed by the statute, yet the right to recover depends upon the statute, and not upon any contract, express or implied, with the town. See *Moody* v. *Newburyport,* 3 Met. 431.

We therefore are of opinion, that the town in this case cannot be charged as trustee, and what the law provides for the payment of the defendant, as assessor, is neither goods, effects nor credits, entrusted or deposited in the hands or possession of the town, within the meaning of the Gen. Sts. *c.* 142, § 21.

It was said by Mr. Justice Metcalf, that, " to constitute the relation of trustee, there must be a privity of contract, express or implied, between the principal debtor in the trustee process and him who is sought to be charged as his trustee, unless there be a statute provision that renders such privity unnecessary. We can go no further than to charge a debtor as trustee of his creditor, when the debt or demand is the ordinary result of express or implied contract." *Williams* v. *Boardman,* 9 Allen, 570, and cases cited. *Burnham* v. *Beal,* 14 Allen, 217. See also *Adams* v. *Tyler,* 121 Mass. 380.

*Trustee discharged.*