H. HAMAN *vs.* WILLIAM C. BRENNAN & another.

Suffolk.    December 8, 1897. — February 28, 1898.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Insolvent Debtor — Non-resident Creditor — Domestic Judgment — Interest of Debtor in Partnership Property — Equity — Statute.*

The interest in partnership property of a debtor, who has obtained a discharge in insolvency, may be reached by a bill in equity brought by a non-resident creditor, who has not proved his claim in the insolvency proceedings, but who has before the filing of the bill reduced his debt to a judgment here; and Pub. Sts. c. 157, § 83, providing for the exemption from attachment of subsequently acquired property of the debtor, do not apply.

BILL IN EQUITY, filed March 22, 1897, in the Superior Court, against William C. Brennan "and another whose name is unknown, designated Richard Roe for the purposes of this suit, copartners under the name of the American Furniture Company," alleging that, on December 4, 1896, the plaintiff, doing business under the name of the Crescent Table Works in Jamestown, New York, recovered judgment in the Municipal Court of the city of Boston against the defendant Brennan, formerly doing business under the name of the American Furniture Company in Boston, for the sum of $47.72 damages, and $17.97 costs; that an execution was issued thereon and was returned unsatisfied, and the amount of the judgment has never at any time been paid; that the defendant Brennan was at the present time carrying on business in Boston with a person whose name was unknown to the plaintiff, "and who is designated as Richard Roe for the purposes of this suit," as copartners under the name of the American Furniture Company; that the defendant Brennan had no property within this Commonwealth which could be come at or taken on execution in a suit at law, and none which could by any process be reached and applied to the payment of the judgment obtained against him by the plaintiff, except his interest as a copartner in the partnership property of the partnership of which he was a member, the American Furniture Company, as above set forth, which interest was a two thirds

interest therein; and that this interest of the defendant Brennan could not be come at to be taken on execution in a suit at law against him, but in equity and good conscience should be applied to the payment of the plaintiff's debt.

The prayer of the bill was that an injunction might issue against the defendants to restrain the withdrawal of any portion of the share of Brennan in the partnership and partnership property unless and until the plaintiff's debt was established; that the plaintiff might be allowed to reach and apply to the payment of his debt against Brennan his interest as copartner in the partnership and the partnership property thereof; and that such interest or the value of the proceeds thereof might be applied to the payment of the debt due the plaintiff; and for other and further relief.

The answer set up the defendants' discharge in insolvency, and the exemption from attachment of subsequently acquired property, under Pub. Sts. c. 157, § 83.

The following facts were agreed.

The defendant Brennan, on May 4, 1895, lived and was doing business in Boston under the name of the American Furniture Company, and has continued the business in partnership with his son up to the present time.

On September 30, 1895, the defendant Brennan filed his voluntary petition in the Court of Insolvency at Boston; at the same time he filed his schedule of creditors and assets as required by law, and also a composition offer of twenty-five per cent; and after due and proper proceedings his offer of composition was confirmed on October 18, 1895. Thereafterwards, on November 7, 1895, he complied with his offer of composition, and received his discharge in due form of law. The name of the plaintiff appeared upon the schedule of creditors, and his claim was provable against the defendant Brennan, but the plaintiff did not prove such claim.

The plaintiff on May 4, 1895, and since, has resided and had his usual place of business in Jamestown, in the State of New York. On that day the defendant Brennan purchased of the plaintiff a bill of goods, payment for which was due before the defendant's insolvency, and for the payment of which the plaintiff afterwards brought suit in the Municipal Court of the city of Boston, and

recovered judgment against the defendant on December 4, 1896, for the sum of $47.72 damages, and $17.97 costs of suit. Execution thereafterwards was issued, and has been in no part satisfied. The defendant's interest in the copartnership is more than sufficient to pay the plaintiff's claim.

"If, under the above statement of facts, the plaintiff is entitled to the relief prayed for, his prayers are to be granted, with costs; otherwise, his bill is to be dismissed, with costs."

A decree was entered that the bill be dismissed, with costs; and the plaintiff appealed to this court.

*R. D. Ware*, for the plaintiff.

*G. E. Curry*, for the defendants.

FIELD, C. J. If the plaintiff's debt had not been in the form of a judgment, it would be difficult to distinguish the present case from *Maxwell* v. *Cochran*, and *Maxwell* v. *Clarke*, 136 Mass. 73. In those cases it is said: "The object of the Gen. Sts. c. 118, §78, was to prevent the subsequently acquired property of the debtor who had been discharged in insolvency from being seized or held in any manner for the payment of his debts until the non-resident creditor should have obtained his judgment thereon at law."

In *Venable* v. *Rickenberg*, 152 Mass. 64, the suit was upon a judgment, and the attempt was made to reach in equity a debt due to the defendant which was of a nature to be attached by trustee process. The bill was dismissed, on the ground that the property to be reached was in its nature attachable by trustee process, and whether Pub. Sts. c. 157, § 83, in the particular case, forbade such an attachment or not, there was no jurisdiction in equity. There are expressions in the opinion not necessary to the decision, but the case did not decide whether an attachment by trustee process in a suit on the judgment could or could not have been maintained.

In *Sanborn* v. *Royce*, 132 Mass. 594, it was decided for the first time in this Commonwealth that the property of a partnership could not be attached at law in an action on a debt due from one of the partners. The inevitable inference was that the remedy was in equity. St. 1884, c. 285, § 2, enacted certain provisions concerning the procedure in equity in such a case, making a distinction between the cases in which the plaintiff's

debt was in the form of a judgment and those in which it was not. See *Draper* v. *Hollings*, 163 Mass. 127.

When the plaintiff's debt is in the form of a domestic judgment, the procedure by bill in equity is in effect a mode, and the only mode, of levying execution upon the interest of the judgment debtor in partnership property. It is doubtful whether a statute would be constitutional which denied to a non-resident judgment creditor, whose debt had not been discharged by the insolvency of his debtor, all process which would enable such a creditor to reach in satisfaction of the judgment the interest of the debtor in partnership property.

Section 83 of the Pub. Sts. c. 157, purports to discharge the debtor "from arrest or imprisonment in any suit or upon any proceeding for or on account of a debt or demand provable against his estate." It goes further, and purports to exempt property acquired subsequently to the time of the first publication of the notice of issuing the warrant from attachment by trustee process or otherwise, etc. It may happen that all the property which a debtor has is his interest in a partnership. If the present suit cannot be maintained, the debtor's interest in the partnership property cannot be reached at all by the judgment creditor. We think that the section was not intended to forbid the levy of an execution upon any property of the debtor which is not generally exempt from being taken on execution, and that, as the present suit is the only method whereby the debtor's interest in the partnership property can be reached and applied in satisfaction of the judgment, the process employed is tantamount to the levying of an execution, and is not within the provisions of the section. It follows that, on the agreed statement of facts, the decree dismissing the bill must be reversed, and a decree entered for the plaintiff, the form of which may be settled by a justice of the Superior Court.

*So ordered.*