WILLIAM F. COOK *vs.* CITY OF SPRINGFIELD.

Hampden.     September 23, 1903. — October 20, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Municipal Corporations.   Contract.   License Commissioner.*

A city, appointing a license commissioner under St. 1894, c. 428, does not employ
him, and incurs no obligation to pay a reasonable compensation for his services.
Its only obligation in regard to his compensation is imposed by § 6 of that
statute, which requires each city to pay its license commissioners such salaries
as the city council shall establish.

CONTRACT, on a *quantum meruit*, to recover $5,500 for services
alleged to have been rendered to the defendant as license com-
missioner from June 1, 1896, to December 1, 1901.   Writ dated
March 21, 1902.

At the trial in the Superior Court before *Lawton*, J., the
defendant tendered to the plaintiff compensation for his services
at the rate of $5 a year, pursuant to the order of the city coun-
cil mentioned in the opinion, with the plaintiff's costs to the time
of the tender.   The tender was declined.   Thereupon the judge
ordered a verdict for the defendant; and the plaintiff alleged
exceptions.

*A. S. Hayes*, (*A. G. Sleeper* with him,) for the plaintiff.

*H. A. King*, for the defendant, was not called upon.

LORING, J.   The plaintiff was a license commissioner of the
city of Springfield under St. 1894, c. 428, for a term beginning
June 1, 1896, and ending May 31, 1902.   By § 6 of that act it
is provided that " Each city shall pay its board of license com-
missioners such salaries as the city council, subject to the ap-
proval of the mayor, may from time to time establish," and it is
conceded that under that act the license commissioners were to
be paid and were not to serve gratuitously.

In October, 1894, nearly two years before the plaintiff's term
of office began, the city council of Springfield passed an order
that the compensation of the chairman should be $250 a year,
and that the other two members of the board should serve with-
out compensation.

In January, 1897, that is to say, in the January succeeding the June when the plaintiff's term of office began, he and his fellow commissioners petitioned the city council to increase the salary of the chairman, and that a salary be paid to the other members of the board, on which the petitioners were given leave to withdraw. A like petition was made by them in April, 1900, with the same result.

In June, 1900, the plaintiff was appointed chairman and secretary of the board, and served as such during the remainder of his term ; and for the time during which he has served as chairman he has received compensation at the rate of $250 per annum, but he has received no other compensation.

On November 18, 1901, the plaintiff petitioned the city council " to take such action as will result in paying him the annexed bill of $5,000 for services as a member of the board of license commissioners from January 1, 1896, to June 1, 1901, said bill being at the rate of $1,000 per year." On this he was given leave to withdraw.

On December 23, 1901, the city council passed an order fixing the compensation of the member of the board who acted as chairman and secretary at the rate of $250 a year, and the compensation of the other two members at the rate of $5 per annum, these salaries to be the compensation for services rendered from July 2, 1894, to December 31, 1901.

On March 21, 1902, the plaintiff brought this action against the city, to recover the reasonable value of his services as license commissioner from the beginning of his term to December 1, 1901, outside of his service as chairman and secretary ; and he testified that these services were reasonably worth $5,500, being at the rate of $1,000 a year. The plaintiff also testified to the character of the services rendered by him and that he estimated that he devoted seventy-five days each year to the work. The defendant tendered the plaintiff compensation at the rate of $5 per annum, with costs. This was declined. A verdict was ordered for the defendant, and the case is here on an exception to that ruling.

What this court said of assessors in *Walker* v. *Cook*, 129 Mass. 577, 578, is true of license commissioners. In that case Endicott, J. said : " The assessors, therefore, are public officers, in the performance of whose duties the whole community has an

interest. Towns have no authority to direct or control them, but all their powers and duties are prescribed and regulated by statute ; and, in case they do not perform their duties, the town has no remedy against them. They are not, in any sense, the agents or servants of the town; and the town, by the election of assessors, enters into no contract with them for the payment of their services."

The plaintiff was not employed by the defendant city, and has not rendered service at its request for which it has come under a contract, as in the case of a city engineer. *Chase* v. *Lowell*, 7 Gray, 33. See in addition to *Walker* v. *Cook*, 129 Mass. 577, *Sikes* v. *Hatfield*, 13 Gray, 347 ; *Farnsworth* v. *Melrose*, 122 Mass. 268.

The plaintiff has been appointed to a public office, which, by an act of the Legislature, is to be filled by an appointment of the mayor of the defendant city, and whose compensation the Legislature has directed the city council of the defendant city to fix and the defendant city to pay. If that compensation is not fixed the law would issue its writ of mandamus requiring the city council to perform its duty and fix it, *Attorney General* v. *Lawrence*, 111 Mass. 90, *Attorney General* v. *Boston*, 123 Mass. 460, and when fixed, if it was not paid the law would give the public officer an action to recover it, not by reason of a contract express or implied in fact between the plaintiff and the city, but by reason of the statute which makes it its duty to make the payment. *Walker* v. *Cook*, 129 Mass. 577, 579.

The plaintiff's contention comes to this: Where a public office is created and the compensation to be paid for services rendered by the incumbent of the office is to be fixed by a public body, the omission of that body to perform its duty transfers that duty to the court. It is hardly necessary to say that this is not so.

*Exceptions overruled.*