ALLAN A. HOOKER vs. AUGUSTUS D. McLENNAN & another.

Suffolk.    March 29, 1920. — June 4, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Equity Jurisdiction,* To reach and apply property not attachable at law.    *Trustee
    Process.    Attachment.    Municipal Corporations,* Officers and agents.

Where a claim of a municipal officer to compensation for his services is based, not
    merely on a statutory provision but also upon an enforceable obligation of the cor-
    poration, although that obligation is one entered into under statutory authority
    or direction, such claim in legal effect is upon an express contract and an amount
    so due may be attached in an action by trustee process against the officer as
    defendant and the municipality as trustee. *Walker* v. *Cook,* 129 Mass. 577,
    distinguished.
A bill in equity under R. L. c. 159, § 3, cl. 7, as amended by Sts. 1902, c. 544, § 23;
    1910, c. 531, § 2, cannot be maintained to reach and apply, in payment of a
    debt due to the plaintiff from the principal defendant, salary due to that de-
    fendant as first assistant assessor of taxes of the city of Boston, such salary
    being attachable by trustee process.

BILL IN EQUITY, filed in the Superior Court on April 22, 1919,
against Augustus D. McLennan (hereinafter called the defendant)
and the city of Boston, to reach and apply in payment of a debt
owed to the plaintiff by the defendant $200 alleged to be due to
the defendant from the city of Boston "as salary for the office of
first assistant assessor."

The defendant demurred to the bill on the following grounds:

"1. That the defendant is an assistant assessor of the city of
Boston and is therefore a public officer; that the money or amount
alleged due or to become due and payable to the said assessor, if
any, from the city of Boston is due or to become due to him for
services rendered as such assistant assessor; that the city of Bos-
ton cannot be legally held as trustee in said action.

"2. That such action is in contravention of the statutes and laws
of this Commonwealth, and the plaintiff cannot maintain this
action either in law or in equity."

The demurrer was sustained and a final decree was entered by
order of *Wait,* J.  The plaintiff appealed.

The case was submitted on briefs.

*S. R. Cutler & H. W. James*, for the plaintiff.

*J. S. Richardson*, for the defendant.

JENNEY, J. The plaintiff seeks to reach and apply an amount due at the time of the filing of the bill from the city of Boston to Augustus D. McLennan, hereinafter called the defendant. The city also is a party defendant. The case is before us on the plaintiff's appeal from the final decree sustaining the demurrer of the defendant and dismissing the bill. The plaintiff, who seeks a decree establishing the indebtedness of the defendant to him on two promissory notes, is within the statute so far as his claim is concerned. *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118. Under the statute, that which can be sequestrated is "any property, right, title or interest, legal or equitable, of a debtor, within or without this Commonwealth, which cannot be reached to be attached or taken on execution in an action at law." R. L. c. 159, § 3, cl. 7, as amended by Sts. 1902, c. 544, § 23; 1910, c. 531, § 2.

It is admitted by the demurrer that when the bill was filed, there was due and payable to the defendant from the city of Boston $200 "as salary for the office of first assistant assessor of said city." If said amount could have been held by an attachment by trustee process (R. L. c. 189), the bill cannot be maintained. It was decided in *Walker* v. *Cook*, 129 Mass. 577, that the statutory compensation which assessors are entitled to receive where no other compensation has been allowed by the town is not the subject of attachment by trustee process, because the right to recover compensation as determined by statute does not depend on any contract express or implied. The language used in *Williams* v. *Boardman*, 9 Allen, 570, 571, was quoted with approval. It was there said that "to constitute the relation of trustee, there must be a privity of contract, express or implied, between the principal debtor in the trustee process and him who is sought to be charged as his trustee, unless there be a statute provision that renders such privity unnecessary."

*Walker* v. *Cook*, *supra*, was not posited on the ground that public policy forbade the application through legal process of funds held by a municipal corporation to an indebtedness arising through the exercise of governmental functions. See 12 R. C. L. 843. It had already been decided that a county could be summoned as

trustee because of compensation due a messenger having charge of its court house. This court had said: "In such a state of things, there has never been a doubt that cities and towns are liable to be summoned as trustees, and we find nothing in any of the statutes upon this subject that places counties upon a different footing in this respect from cities and towns." *Adams* v. *Tyler*, 121 Mass. 380, 381. See also *Donohue* v. *Newburyport*, 211 Mass. 561, 568, where it was said: "The conclusion that 'corporation' as used in statutes relating to trustee process included cities and towns was reached in *Adams* v. *Tyler*, 121 Mass. 380, purely upon historical considerations arising from a recommendation of commissioners on Revision of the Statutes rejected by the Legislature." *Walker* v. *Cook, supra*, does not decide that money due a defendant on a contract, express or implied, as distinguished from a purely statutory obligation, cannot be attached by trustee process. Indeed *Adams* v. *Tyler, supra*, was a decision to the contrary, and, although cited, it was not distinguished nor limited. See *Travelers Ins. Co.* v. *Maguire*, 218 Mass. 360, 362.

In the case at bar, the amount was due and payable as salary. Salary in this connection indicates "a fixed annual or periodical payment for services, depending upon the time and not upon the amount of services rendered." *Benedict* v. *United States*, 176 U. S. 357, 360.

St. 1913, c. 835, § 400, provides that a town at its annual meeting shall elect three or more assessors, "and, if the town so votes, three or more assistant assessors." By St. 1909, c. 490, Part I, § 99, the compensation of an assessor is fixed at "two dollars and fifty cents a day for every whole day in which he is employed in that service, and such additional compensation as the city or town shall allow." No statutory provision is made for any payment to assistant assessors for their services. Under R. L. c. 25, § 95, however, towns may determine the amount of compensation of their officers unless otherwise provided by law. *Welch* v. *Emerson*, 206 Mass. 129. All statutes relating to towns apply to cities so far as consistent with general or special laws relative thereto. R. L. c. 26, § 2.

In this Commonwealth, the right of a public officer to compensation, although statutory, can be assigned before the services have been fully performed. *Brackett* v. *Blake*, 7 Met. 335. *Citi-*

*zens Loan Association* v. *Boston & Maine Railroad,* 196 Mass.
528. Such a right is property. See *Alexander* v. *McPeck,* 189
Mass. 34, 43. While this rule does not prevail in many juris-
dictions, it is generally held that there is no objection to an assign-
ment of the right to receive salary or other compensation from a
municipality where the transfer is not anticipatory. See cases
collected in 2 R. C. L. 605, and 5 C. J. 872. See also *Stimpson* v.
*Malden,* 109 Mass. 313. Compensation due and payable to a
municipal officer may be recovered in an action of contract.
Where such officer bases his right to recompense, not merely on
a statutory provision, but upon an enforceable obligation of a
municipal corporation, although one entered into under statutory
authority or direction, we think that the claim is one which in
legal effect is upon an express contract, and that the amount so
payable may be attached by trustee process. The action of a
municipality in fixing the compensation of an officer or employee
by vote or other appropriate proceeding renders it liable on the
obligation so created. *Nelson* v. *Milford,* 7 Pick. 18. *Kimball* v.
*Salem,* 111 Mass. 87. *Parks* v. *Waltham,* 120 Mass. 160. Com-
pare *Cook* v. *Springfield,* 184 Mass. 247. *Milford* v. *Common-
wealth,* 144 Mass. 64, is not to the contrary. It was there held
that a suit upon an obligation resting wholly on a statute was
not a claim "which is founded upon a contract for the payment of
money" within the meaning of the statute then existing as to
jurisdiction in an action against the Commonwealth, because the
obligation arose purely *ex lege.* See *McCann* v. *Randall,* 147 Mass.
81, 89; *Murdock Parlor Grate Co.* v. *Commonwealth,* 152 Mass. 28;
*McArthur Brothers Co.* v. *Commonwealth,* 197 Mass. 137, 138.

If we should take judicial notice of the special statute relating
to assessors in the city of Boston (see *Prince* v. *Crocker,* 166 Mass.
347, 349), the same result is reached. Spec. St. 1918, c. 93, § 4,
provides that "The board of assessors may, subject to the approval
of the mayor, appoint and remove such assistant assessors as the
work of the department requires, and each assistant assessor shall
receive annually a sum not exceeding twelve hundred dollars as
compensation for such services as the board of assessors may pre-
scribe." Under this statute the determination of the amount
which such assessors shall receive is a condition of liability.
*Walker* v. *Cook, supra.* When, however, the compensation is

fixed, the situation is precisely the same as under the general law, so far as the question here involved.

It follows that the demurrer was sustained rightly, because the plaintiff on the facts alleged could have made an effectual attachment by trustee process. *Venable* v. *Rickenberg,* 152 Mass. 64. *Haman* v. *Brennan,* 170 Mass. 405, 407. The decree of the Superior Court must be affirmed with costs of the appeal.

*Ordered accordingly.*