## THE NATIONAL SHAWMUT BANK OF BOSTON *vs.* CITY OF WATERVILLE.

Suffolk.    February 10, 1933. — February 14, 1934.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Jurisdiction. Trustee Process. Municipal Corporations,* Foreign. *Conflict of Laws. Words,* "Defendant."

The general rule established by statute as interpreted by decisions is that a valid attachment by trustee process in this Commonwealth of goods, effects, or credits due to a nonresident defendant from a resident trustee gives jurisdiction to the court here to render a judgment valid everywhere as against the property attached.

It is not the law of this Commonwealth that a municipal corporation can be sued only in the county in which it is located.

The question, whether a court of this Commonwealth, having jurisdiction of an action affecting persons or property in another State, will entertain such action, is to be determined by the law of this Commonwealth, especially where the cause of action arose here.

Where money due from a resident of this Commonwealth to a municipal corporation in Maine was attached by trustee process in this Commonwealth in an action against the municipal corporation by one resident here upon overdue promissory notes of the defendant payable here, for which cause of action the defendant was suable under the law of Maine, the court here had jurisdiction to entertain the action to the extent of rendering a valid judgment against the money attached.

No rule of public policy nor the doctrine of *forum non conveniens* was applicable to constrain the court here to decline jurisdiction of the action above described.

CONTRACT.    Writ dated July 11, 1932.

In the Superior Court, the defendant appeared specially and filed a motion to dismiss, as described in the opinion. The motion was heard by *Macleod,* J., and was allowed. The plaintiff alleged exceptions.

*R. G. Dodge,* for the plaintiff.

*A. R. Rogers* of Maine, for the defendant.

RUGG, C.J.    This action of contract by a national banking association having a usual place of business at Boston

in this Commonwealth against a municipal corporation of the State of Maine was begun by trustee process, The First National Bank of Boston being summoned as trustee. The action was brought to recover on several overdue promissory notes executed by the defendant to its own order and indorsed by it in blank, payable at the place of business of the plaintiff in Boston. Each note bore the descriptive title "Temporary Renewal Loan in Anticipation of Taxes." The writ was duly served on the trustee. No service was made on the defendant.

The defendant appeared specially and filed a motion to dismiss the action and the trustee. The pertinent facts set out in that motion are that the defendant is a municipal subdivision of the State of Maine, and that The First National Bank of Boston, at the time of the service of the writ on it as trustee, had in its possession considerable sums of money, and that the defendant was being deprived of the use of this money by the service of the writ on the trustee. The conclusion of the motion is that the action and the trustee be dismissed because the court has and can obtain no jurisdiction over the defendant. Requests for rulings filed by the plaintiff were denied and the motion to dismiss was granted. The plaintiff's exceptions bring the case here.

The sole ground of the motion to dismiss is that the court had no jurisdiction of the defendant. The argument of the defendant is addressed to that point alone.

The general rule established by statute as interpreted by decisions is that a valid attachment of goods, effects, or credits due to a nonresident defendant from a resident trustee gives jurisdiction to the court to render a judgment valid everywhere as against the property attached. G. L. (Ter. Ed.) c. 227; c. 246, § 20. *Rothschild* v. *Knight*, 176 Mass. 48, 53, and cases cited. *Adams* v. *Scott*, 104 Mass. 164. *Rosenbush* v. *Bernheimer*, 211 Mass. 146, 150. *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14. This rule applies to foreign private or business corporations which do no business within the Commonwealth. *Hopedale Manuf. Co.* v. *Clinton Cotton Mills*, 224 Mass. 193,

196. *Meteor Products Co. Inc.* v. *Société d'Electro-Chemie et d'Electro-Métallurgie,* 263 Mass. 543. *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 312. The dominant word in the statute is "defendant" in the clause providing that the goods, effects, or credits of the "defendant" may be attached by trustee process. As matter of construction, plainly a nonresident municipal corporation as well as a nonresident business corporation is included within the sweep of the word "defendant." There is nothing in the context to indicate a constricted meaning. It has been held that a domestic municipal corporation may be chargeable as trustee in trustee process. *Hooker* v. *McLennan,* 236 Mass. 117. *Adams* v. *Tyler,* 121 Mass. 380.

The contention of the defendant is that the general rule stated above is inapplicable to the case at bar because the city of Waterville is a political subdivision of the State of Maine and therefore the courts of this Commonwealth can have and can acquire no jurisdiction over it. Towns in Maine and in Massachusetts are territorial subdivisions of the State, bounded, organized and established for political purposes for the exercise of designated portions of the sovereign authority, and for the administration of local government. They possess only such powers and are subject to such obligations as are expressly or by implication conferred upon them by the legislative department of government. It was said by the court speaking through Mr. Justice Gray in *Bloomfield* v. *Charter Oak Bank,* 121 U. S. 121, 129: "Towns in . . . New England States, differ from trading companies, and even from municipal corporations elsewhere. They are territorial corporations, into which the State is divided by the legislature, from time to time, at its discretion, for political purposes and the convenient administration of government; they have those powers only, which have been expressly conferred upon them by statute, or which are necessary for conducting municipal affairs." Similar statements of law were made by the same eminently learned judge while Chief Justice of this court in *Hill* v. *Boston,*

122 Mass. 344, 349, 354–355, and in *Agawam* v. *Hampden,*
130 Mass. 528, 530.  To the same effect are *Weymouth &
Braintree Fire District* v. *County Commissioners,* 108 Mass.
142, 144; *Linehan* v. *Cambridge,* 109 Mass. 212; *King-
man, petitioner,* 153 Mass. 566, 573; *Attorney General* v.
*Stratton,* 194 Mass. 51, 54; *Boston* v. *Chelsea,* 212 Mass.
127, 129; *Boston, petitioner,* 221 Mass. 468, 473; *Goodale*
v. *County Commissioners,* 277 Mass. 144, 148–149; *Good-
win* v. *East Hartford,* 70 Conn. 18, 39; *Wooster* v. *Plymouth,*
62 N. H. 193, 209.

There can be no doubt that a municipality may borrow
money on its notes or certificates of indebtedness and may
sue and be sued both in this Commonwealth and in Maine.
There are express statutory provisions to this effect.  G. L.
(Ter. Ed.) c. 40, §§ 2, 4; c. 44; c. 223, §§ 6, 7.  Rev. Sts.
of Maine (1930) c. 5, §§ 1, 83.  The cause of action de-
scribed in the case at bar clearly is one on which the defend-
ant is liable to suit provided jurisdiction has been secured
over it or its property.  It follows that there can be no
immunity from an action against the defendant on the
ground that it partakes of the attributes of sovereignty
whereby a State is protected from being an involuntary
party to litigation.  The principle stated in *Bolster* v. *Law-
rence,* 225 Mass. 387, with review of authorities descriptive
of the classes of actions to which a municipality is not
liable, is not applicable.  *Ayres* v. *Thurston County,* 63
Neb. 96.  The question, therefore, is narrowed to the point
whether the courts of this Commonwealth can acquire
jurisdiction over an action against a municipal corporation
of the State of Maine.

It is to be observed that all the notes in suit were made
payable in the city of Boston in this Commonwealth.  The
cause of action is default in payment of those notes.  There-
fore the cause of action arose in this Commonwealth.  *Shoe
& Leather National Bank* v. *Wood,* 142 Mass. 563, 567.
*Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,*
203 Mass. 159, 174.  *Clark* v. *State Street Trust Co.* 270
Mass. 140, 150, and cases cited.  *Cox* v. *United States,*
6 Pet. 172, 203.

The main contention of the defendant is that munici-
palities can be sued only in the counties in which they are
situated, and that hence the defendant is not subject to
an action at law in this Commonwealth.

There is authority in courts outside of New England to
support the contention that municipalities can be sued only
in courts of the county where located. *Parks County* v.
*Decatur*, 138 Fed. Rep. 550. *St. Francis Levee District* v.
*Bodkin Bros.* 108 Tenn. 700. *Phillips* v. *Mayor & City
Council of Baltimore*, 110 Md. 431. *Marshall* v. *Kansas
City*, 95 Kans. 548. See, however, *Baker* v. *Kansas City*,
118 Kans. 27. Other cases having a superficial appearance
of supporting that view seem to depend upon local statutes.
These decisions rest upon the supposed rule of the common
law that municipalities are localized in their sphere of oper-
ations and have no legal presence outside the county of
their location. It is not necessary to examine these deci-
sions in detail, because we are of opinion that they do not
state the common law of this Commonwealth. The plain-
tiff in *Raymond* v. *Lowell*, 6 Cush. 524, was a nonresident
of the Commonwealth. He brought an action in Suffolk
County against the city of Lowell, which is situated in
Middlesex County. The point was taken that in those
circumstances the action ought to have been brought in
Middlesex County, where the defendant municipality was
located. Chief Justice Shaw, speaking for the court, held
that the point was not well taken and that a plaintiff liv-
ing outside the Commonwealth could maintain a transitory
action against a municipality in any county. In discussing
the meaning of pertinent statutes, Rev. Sts. c. 90, §§ 14,
15, 16, he said that § 16 (G. L. [Ter. Ed.] c. 223, § 8) was
added in order to remove ambiguity as "to the county in
which actions, to which a corporation was a party, should
be brought." In referring to *Taunton & South Boston
Turnpike Corp.* v. *Whiting*, 9 Mass. 321, an action brought
in the county of Bristol by a turnpike corporation to re-
cover an assessment from a subscriber for its shares, in
which the defendant pleaded in abatement that the plain-
tiff was a corporation and that neither it nor the defendant

resided in the county of Bristol, he said: "but the court, upon consideration, 'were satisfied that the plaintiffs, having no commorancy, were not within the purview of the statute . . . .' From this case it would seem, that before the revised statutes a corporation might sue or be sued in any county." No distinction was drawn between municipal and other corporations. It is apparent from this decision that the rule that municipal corporations can be sued only in the county in which they are situated was never a part of the common law of this Commonwealth. There is no rule of public policy in this Commonwealth confining venue of actions against municipalities to the county within which they are located. Municipal corporations in this Commonwealth in this respect have stood upon the same footing as private corporations with regard to venue unless a specific distinction has been prescribed by statute. It has already been pointed out that foreign private corporations which do no business within the Commonwealth are subject to trustee process. Therefore, there is no reason under the common law of this Commonwealth why foreign municipal corporations should not also be subject to trustee process. In this connection the interpretation given to "corporation" in another connection in *Linehan* v. *Cambridge*, 109 Mass. 212, as not comprising cities and towns, is not controlling. It has been held expressly to the contrary respecting trustee process. *Hooker* v. *McLennan*, 236 Mass. 117. This conclusion is supported by several decisions by courts not of last resort in New York. *Van Horn* v. *Kittitas County*, 28 Misc. (N. Y.) 333; affirmed 46 App. Div. (N. Y.) 623. *Harman* v. *Fort Lauderdale*, 134 Misc. (N. Y.) 133. *Doyle* v. *Astoria*, 147 Misc. (N. Y.) 127.

Since *Taunton & South Boston Turnpike Corp.* v. *Whiting*, 9 Mass. 321, was decided while the territory now forming the State of Maine was a part of this Commonwealth, presumably the common law of that jurisdiction is the same as expounded by Chief Justice Shaw in *Raymond* v. *Lowell*, 6 Cush. 524. However that may be, it is the rule of the common law of this Commonwealth which is controlling. The question whether an action affecting persons

or property in another jurisdiction shall be entertained by the courts of a different State having jurisdiction is to be determined according to the law of the latter State. *Huntington* v. *Attrill*, 146 U. S. 657, 669–670. That principle is especially applicable where, as here, the cause of action arose in this Commonwealth. We are unable to perceive any principle of public policy to constrain the courts of this Commonwealth from entertaining this action. The defendant was authorized by law to borrow money and to give its notes therefor. It chose to exercise that right by borrowing of the plaintiff domiciled in this Commonwealth and by making its notes payable here. Default has been made in the payment of its notes, so that the cause of action arose here. No undue burden will be imposed on the defendant in requiring it to respond here to the breach of contract committed by it here. In general a plaintiff has a right to seek redress of his grievances in the courts of his domicil provided they can secure jurisdiction over the one who has wronged him. No circumstances are disclosed on this record which justify refusal to permit the plaintiff to maintain its action in the courts of this Commonwealth. *Cressey* v. *Erie Railroad*, 278 Mass. 284, 291–292. This is not a case for the application of the principle that the ends of justice strongly indicate that the cause of action may be more suitably tried elsewhere than in the courts of this Commonwealth. The doctrine of *forum non conveniens* is not pertinent. *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 312–313. No special difficulty is apparent concerning the defence to a cause of action on a promissory note which arose in this Commonwealth.

The single question raised and argued by the defendant has been considered and decided. The effect of the special appearance of counsel for the defendant in subjecting the defendant to the jurisdiction of the court was not raised by the plaintiff's requests for instructions and is not determined. Compare *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14, 19; *Phillips* v. *Director General of Railroads*, 251 Mass. 263, 266; *Blake* v. *Jones*, 7 Mass. 28; *Webster* v. *Lowell*, 2 Allen, 123.

The conclusion follows that the court acquired jurisdiction of the cause of action and of the defendant at least to the extent of the property attached by trustee process. There was error in granting the motion to dismiss.

*Exceptions sustained.*