FRANCIS A. CAMPBELL *vs.* CITY OF BOSTON.

Suffolk.    May 22, 1934. — April 29, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Constitutional Law,* Due process of law, Police power.  *Public Officer. Clerk of Court.  Boston.  Evidence,* Judicial notice.

St. 1933, c. 121, § 6, ratifying and confirming deductions made, previous to the enactment thereof and as contributions to public welfare, from salaries of officers and employees paid from the treasury of the city of Boston, was applicable to deductions made against the protests of the officers or employees affected thereby.

The clerk of the Superior Court for the county of Suffolk for civil business is a public officer and not an agent or servant of the city of Boston, and the obligation resting upon the city to pay his salary is by virtue of statutory provisions and not of any contract.

At the time of the enactment of St. 1933, c. 121, § 6, the clerk of the Superior Court for the county of Suffolk for civil business had an absolute and vested right, which was his property, to portions of his salary theretofore deducted and withheld from him and used as contributions to public welfare, against his protest, and that statute deprived him of property without due process of law and was unconstitutional in so far as it purported to ratify and confirm such deductions; the statute

in that respect could not be supported as an exercise of the power to control by law the office of the clerk in the public interest or as an exercise of the police power, nor was it justified by the depression then existing.

This court took judicial notice of the current depression.

CONTRACT. Writ, as amended, dated November 1, 1933.

The action was heard in the Superior Court by *Brown*, J., without a jury. Material facts are stated in the opinion. The judge found for the plaintiff in the sum of $608.25. The defendant alleged exceptions.

*H. E. Foley*, Corporation Counsel, (*H. M. Pakulski* & *L. H. Weinstein*, Assistant Corporation Counsel, with him,) for the defendant.

*J. M. Maloney*, for the plaintiff.

RUGG, C.J. This is an action of contract brought by the clerk of the Superior Court for civil business for the county of Suffolk, to recover $606.51 alleged to have been unlawfully and against his protests deducted from his annual salary as such clerk. No witnesses were called. The case was presented on statements by counsel in open court. The defendant admitted that the plaintiff was duly elected clerk of the Superior Court; that his annual salary of $6,800 was payable in monthly instalments of $566.66; that the plaintiff's bills were duly audited and allowed by the auditor of the defendant; and that the deductions sued for were made for the months of March, 1932, to April, 1933, by order of the mayor of the defendant and against the protests of the plaintiff. The plaintiff admitted that the deductions from his salary so made by order of the mayor were made as contributions to public welfare.

The defendant relies entirely upon St. 1933, c. 121, § 6. It is in these words: "All action heretofore taken by said city of Boston or any of the officials thereof in making deductions from salaries of officers and employees paid from the treasury of the city of Boston as contributions to public welfare is hereby ratified and confirmed and shall have the same force and effect as if they were reductions made under the provisions of this act." That act took effect upon its passage and was approved on April 11, 1933. It

authorized deductions similar to those made from the plaintiff's salary here in controversy. All the deductions here in suit were made before the operative date of that act.

The first question for decision is whether § 6 according to the correct meaning of its words applies to the deductions made in the salary of the plaintiff before it took effect. It is a general rule of interpretation that all statutes are prospective in their operation unless a contrary intent appears by necessary implication from their words, context or objects. Legislation commonly looks to the future and not to the past except statutes relating to remedies and not affecting substantive rights. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3. The words of § 6 plainly manifest a legislative intent that deductions theretofore made from salaries of officers payable from the treasury of the city of Boston for purposes of contributions to public welfare are ratified and confirmed even though such deductions were made against the protests of such officers. The phrase of the section is comprehensive and does not admit of implied exceptions exempting from its scope officers who gave no assent whatever to such deductions.

It remains to determine whether the statute as thus interpreted violates any right secured to the plaintiff under the Constitution. Every rational presumption is indulged in favor of the validity of an act of the General Court. Enforcement of such legislative enactment will not be refused unless its conflict with some provision of the Constitution is established beyond reasonable doubt. *Perkins* v. *Westwood,* 226 Mass. 268, 271. *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145. The plaintiff is a public officer in the performance of whose duties the whole community has an interest. He is in no sense the agent or servant of the defendant. The obligation to pay his salary rested upon the defendant by virtue of statute and not by virtue of any express or implied contract. *Walker* v. *Cook,* 129 Mass. 577. *Cook* v. *Springfield,* 184 Mass. 247.

It was held in *Campbell* v. *Boston,* 283 Mass. 365, which arose between the same parties upon facts existing before

the enactment of St. 1933, c. 121, § 6, that the mayor of Boston had no authority to order any portion of the plaintiff's salary to be withheld against his protest and used as a contribution to the public welfare or unemployment relief, and that the plaintiff was entitled to recover in an action at law the portions of his salary so withheld. It is plain, therefore, that at the time of the enactment of St. 1933, c. 121, the plaintiff had an absolute and vested right to the portions of his salary theretofore withheld, and that they were then presently due and payable to him. They were his property. That right was not subject to any limitation, contingency, or delay. His services as public officer had been rendered. The law specified his compensation in unmistakable terms. He was entitled to the amount so fixed. It was a right protected by the Constitution. *Mississippi v. Miller,* 276 U. S. 174. *Lynch v. United States,* 292 U. S. 571, 579.

The effect of St. 1933, c. 121, § 6, is not to postpone the payment of the amount due the plaintiff, but simply to take it away from the plaintiff altogether and devote it as a contribution to the public welfare. It undertakes to transfer by pure legislative fiat the vested property right of the plaintiff to the public treasury. It is not a tax statute but a compulsory gift statute. Among the guarantees contained in the Constitution of this Commonwealth is the right "of acquiring, possessing, and protecting property" and to be protected by society "in the enjoyment of his life, liberty, and property, according to standing laws. . . . And whenever the public exigencies require that the property of any individual should be appropriated to public uses, he shall receive a reasonable compensation therefor"; and "to find a certain remedy, by having recourse to the laws for all injuries or wrongs which he may receive in his person, property, or character." Arts. 1, 10 and 11 of the Declaration of Rights of the Constitution. The statute in question violates these fundamental rights. It purports to take, property of the plaintiff without compensation and without due process of law and vest it against his will in someone else. That cannot be done. *Hanscom v. Malden*

& *Melrose Gas Light Co.* 220 Mass. 1, 7. *Sohier* v. *Massachusetts General Hospital,* 3 Cush. 483, 493. *Casieri's Case,* 286 Mass. 50. *Ziccardi's Case,* 287 Mass. 588, 590–591. *Denny* v. *Mattoon,* 2 Allen, 361, 382. *Forster* v. *Forster,* 129 Mass. 559, 561.

It was held in *Taft* v. *Adams,* 3 Gray, 126, 130, that where an office is "not contemplated, nor its tenure declared by the constitution, but created by law solely for the public benefit, it may be regulated, limited, enlarged or terminated by law, as public exigency or policy may require." *Graham* v. *Roberts,* 200 Mass. 152, 157. *Barnes* v. *Mayor of Chicopee,* 213 Mass. 1, 4. *Goodale* v. *County Commissioners,* 277 Mass. 144, 149–150. That principle has no application to the case at bar. The statute here is invoked, not as a protection against public action taken after its enactment, but to deprive the plaintiff of absolute rights acquired before its enactment. Its operation is not as to the future but as to the past.

The statute cannot be supported on this record as a valid exercise of the police power against the plaintiff. The police power is wide. It has not been defined. It covers an extensive field. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149, and cases there reviewed. *Opinion of the Justices,* 261 Mass. 523, 553. No statute can be upheld as a valid exercise of the police power which extinguishes a vested right to the instant payment of money due under standing laws for public service already rendered and transfers that money right to the municipal treasury of the defendant. The court takes judicial notice of the present depression. That does not justify the suspension of constitutional guarantees for the protection of property to the point of utter extermination in the manner undertaken by the present statute. The case at bar is quite distinguishable from *Home Building & Loan Association* v. *Blaisdell,* 290 U. S. 398. The statute there upheld was interpreted as related to the present emergency, reasonable in nature, preserving the integrity of the indebtedness, and temporary in operation. The present statute does not preserve the indebtedness to the plaintiff, but

transfers it to the defendant. Moreover, that decision related to the clause in the Constitution of the United States against impairment of the obligation of contracts and not to the guarantees of the Constitution of this Commonwealth against taking private property without compensation.

*Exceptions overruled.*