Pettingell, J.
Action of contract begun by trustee process in which the City of Newburyport was summoned as trustee. The defendant is Chairman of the Board of Licensing Commissioners of that city, receiving as salary the amount of Four Hundred Dollars. By agreement with the city authorities this salary has been paid to him in instalments of $16.66 every other week. It was conceded by the plaintiff at the oral argument, that this arrangement is *52 binding upon the plaintiff and that she is entitled to claim only the instalments due and unpaid at the time of service of the writ. The trial justice found that the trustee is chargeable. The report states that it contains all the material evidence.
No requests for rulings were made and we take the only issue in the case to be whether the trial justice was right in ruling that the trustee is chargeable. No question of amount is involved. G. L. (Ter. Ed.) G. 246, §39.
The defendant is undoubtedly a public officer. Cook v. Springfield, 184 Mass. 247, at 249; Crocker v. Deschesnes, 287 Mass. 202, at 207, 208; McDonald v. Justices of the Superior Court, Mass. Adv. Sh. (1938) 211, at 213, 214; and if his compensation were fixed by statute, Walker v. Cook, 129 Mass. 577, at 578, 579; Attorney General v. Pelletier, 240 Mass. 264, at 296; Campbell v. Boston, 290 Mass. 427, at 429, 430; or was payable by the Commonwealth, McCarthy Co. v. Rendle, 222 Mass. 405, at 406; it would not be subject to attachment by trustee process. His compensation, however, depends upon G. L. (Ter. Ed.) C. 138, §7, which provides that for this office “each city * * * shall pay such salaries as the city council, subject to the approval of the mayor, may from time to time establish”. The pay of the defendant therefore is salary, see Hooker v. McLennan, 236 Mass. 117 at 119; not fixed by statute, or paid by the Commonwealth, but fixed and paid by the city.
Cities and towns can be summoned as trustees. Adams v. Tyler, 121 Mass. 380, at 381. “The action of a municipality in fixing the compensation of an officer or employee by vote or other appropriate proceeding renders it liable on the obligation so created”, Hooker v. McLennan, 236 Mass. 117, at 120. This is so even if the obligation is one entered into under your statutory authority or direction”, Hooker v. McLennan, 236 Mass. 117, at 120.
*53 On the authority of the last case cited, we are of opinion that the decision of the trial judge that the trustee is chargeable is not prejudicial error.
The question of the exemption, if any, to which the defendant is entitled, although vigorously argued at the oral argument, is not raised by any ruling requested by the parties or made by the trial judge, and, therefore, not being before us, we do not decide it, although, in passing, it may be pointed out that it is difficult to see in what manner that which the statute explicitly calls “salary” can be interpreted to be “wages for personal labor and services”.
No prejudicial error appearing, the report is to he dismissed.