*Municipal Court of the
City of Boston*

No. 319551

**HOUSEHOLD FINANCE CORPORATION**

v.

**FREDERICK J. HIGGINS, JR. and
MASSACHUSETTS BAY
TRANSPORTATION AUTH.**

Trustee

Argued: Feb. 23, 1973 - Decided: May 4, 1973

*Present:* Canavan, J. (Presiding), Elam, Doerfer, JJ.

Case tried to *Gorrasi, Sp. J.*

**Elam, J.** This is an action of contract upon a judgment commenced by trustee process, writ dated July 13, 1973. Court permission was

granted permitting the plaintiff to make any wage attachment authorized by law. Subsequently, the Massachusetts Bay Transportation Authority, Trustee filed an answer in abatement seeking to be discharged on the grounds that G. L., c. 161A, § 2, exempts the MBTA from the application of G. L., c. 246, the trustee process statute. The court denied the trustee's answer in abatement and the trustee claimed a report.

The appellant argues that by virtue of M. G. L., C. 161A, the MBTA as a body politic and corporate subdivision of the Commonwealth is not subject to the provisions of G. L., c. 246, particularly § 32, clause 8 thereof, which permits the attachment of money or credits due for wages to an employee.

The appellant also contends that since there is no legislation expressly making the MBTA subject to Chapter 246, therefore, said trustee process statute has no application to the Authority.

It is further argued that the wages of an employee of the MBTA, although readily ascertainable, remain the property of the Authority until actually paid to the employee.

We cannot agree with the foregoing arguments of the appellant.

G. L., c. 161A, which is the statute creating the Massachusetts Bay Transportation Authority states in § 2 thereof:

"The authority shall have power to hold

property, sue and be sued in law and equity and to prosecute and defend all actions relating to its property and affairs. The authority shall be liable for its debts and obligations, but *the property of the Authority shall not be subject to attachment nor levied upon any execution or otherwise. . . .*" (Emphasis supplied)

It is clear that the Legislature recognized that the Authority, by the very nature of its business, would be engaged in considerable litigation and that if its property were not protected from attachment, its operations would quickly be ground to a halt. This statute, however, does not relate to the MBTA being named as a trustee in a court action, but rather as a defendant. It would seem that since the Legislature saw fit to specifically exempt MBTA property from attachment, it would have further exempted the Authority from the application of the trustee process statute if it intended to do so.

The appellant's argument that the employees of the MBTA are "public employees" and enjoy immunity from wage attachments is without merit, for in the same sense employees of cities, towns and counties are "public employees", yet they are subject to the provisions of Chapter 246. *Adams* v. *Tyler,* 121 Mass. 380. *Hooker* v. *McLennan,* 236 Mass. 117.

The contention of the appellant that the wages of an employee of the Authority remain

the property of the MBTA until delivered to the employee is not sound since it would put the MBTA in a different position than all other employers who may be trusteed if money or credits are due and payable for wages of a defendant employee, even though those funds are still in the custody of the employer. The only test here is whether the wages are due absolutely and are readily ascertainable. G. L., c. 246, § 24. *Jordan* v. *Lavin,* 319 Mass. 362.

There was no error in the court denying the appellant's answer in abatement.

**Report dismissed.**

PHILIP BARSCH
   for the Plaintiff

GERALD M. COAKLEY
   for the Defendant