TOWN OF HOLBROOK vs. TOWN OF RANDOLPH.

Suffolk. December 7, 1977. — February 21, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Holbrook. Randolph. Municipal Corporations,* Water works. *Due Process of Law,* Apportioning cost of water works. *Constitutional Law,* Equal protection of laws. *Water Works.*

Section 13 of St. 1885, c. 217, is clear and unambiguous in requiring the towns of Holbrook and Randolph to share the costs of operating and improving their joint water system equally, rather than in proportion to population or use. [440-441]

The provision of St. 1885, c. 217, § 13, that the costs of running joint water works should be shared equally by the towns of Randolph and Holbrook was not rendered unconstitutional by the fact that, as a result of disproportionate growth, one of the towns used a greater amount of water than the other. [441-442]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on March 31, 1975.

Following determination by commissioners appointed pursuant to St. 1885, c. 217, § 13, the case was reported by *Wilkins,* J.

*Morris M. Goldings* for the plaintiff.

*William J. Carr* for the defendant.

HENNESSEY, C.J. Pursuant to St. 1885, c. 217, § 13,[1] the town of Holbrook (Holbrook) filed a complaint on March 31,

---

[1] Section 13 of St. 1885, c. 217, reads as follows: "The damages arising from the joint taking by said towns, or by such of them as unite and jointly act, of any waters, lands, rights of way or easements or from any other thing done by such towns acting jointly, and the *cost,* charges and expenses *of the construction and maintenance* and running of the joint water works and appurtenances, *shall be borne and paid equally by the towns which unite and jointly act*; and such towns shall jointly own, hold and use the same; and *each of such towns shall be entitled to an equal share of said waters* [emphasis added]: *provided* [emphasis original], in

1975, asking this court to appoint three commissioners to resolve its dispute with the town of Randolph (Randolph) over the costs of operating and improving the towns' joint water system. The complaint particularly attacks the requirement in § 13 that the "charges and expenses of the construction and maintenance and running of the joint water works and appurtenances, shall be borne and paid equally by the towns which unite and jointly act . . .." The complaint requested that § 13 be construed to require the sharing of costs and expenses in proportion to the towns' relative populations, or on some legal or equitable basis other than "equally," as provided by the statute.

Commissioners were appointed, and evidentiary hearings were held. The commissioners' report, subsequently filed with this court, recommended that "St. 1885, c. 217, § 13 be interpreted to require that the costs of operating and improving the joint water system for Randolph and Holbrook be paid fifty percent by Randolph and fifty percent by Holbrook." This is the apportionment which the two towns have used since the enactment of St. 1885, c. 217. Detailed findings of fact were made by the commissioners. Holbrook moved to recommit the commissioners' report and filed its objections to it. Randolph moved that the report be confirmed.

case all of said towns accept this act, and at any time thereafter it becomes necessary, or it is deemed desirable, to increase the storage capacity and water supply of said Great Pond by erecting new dams or other new structures, the expense of the construction and maintenance thereof and all damages resulting therefrom, shall be borne and paid by the said towns in proportion to the benefits received by each town from such increase of storage capacity and water supply, reference being had to the existing condition of said towns at the time of the erection of said new dams or other structures. In case the said towns which unite and jointly act, or their officers or agents, appointed as provided in this act, cannot agree in any matter arising under or in carrying out the purposes of this act, then the matter in controversy shall be determined by three commissioners, to be appointed by the supreme judicial court, upon application of either of such towns, through its said officers or agents, and notice to the others, whose award when accepted by said court, shall be binding upon all parties."

A single justice of this court denied Holbrook's motion to recommit, overruled the objections to the report, and allowed Randolph's motion to confirm the commissioners' report. None of these rulings is challenged before us. Accordingly, both parties' briefs are now addressed to "a determination of what judgment should be entered in light of the Commissioners' Report."

We conclude that judgment shall enter declaring that the charges and expenses of the construction, maintenance and running of the joint water works and appurtenances shall be borne and paid equally by Randolph and Holbrook.

The commissioners' "Findings of Fact," which neither town objected to, show that Randolph developed more rapidly than Holbrook after World War II, due in part to better access to and from Route 128. Of a combined population of 40,918 in 1975, Holbrook's percentage was 28.86% and Randolph's was 71.14%. In tests made in April and May, 1975, to determine the water usage ratio between the towns, Randolph used 76.2% and Holbrook, 23.8%.

With one exception immaterial to this case, the two towns have financed capital construction and improvement costs on an equal basis since the joint water system was authorized in 1885.[2] The operating costs of the joint board of water commissioners of Holbrook and Randolph have been shared also on a "50-50" basis.

Between 1885 and 1972, no disputes appear to have arisen over the sharing formula. In 1972, however, the Holbrook representatives on the joint board began to seek an adjustment of the "equal" arrangement required by St. 1885, c. 217, § 13. Bills to amend c. 217, § 13, were filed in the 1974 and 1975 sessions of the Legislature without success, which gave rise to the instant complaint. One reason advanced for the proposed change was that the estimated costs of improvements to the joint system, deemed vitally necessary by the commissioners, would be $12,000,000 over a period of several years.

---

[2] In 1971, construction of a pumping station at the Richardi Reservoir was financed by the towns of Holbrook, Randolph, and Braintree.

The "Recommendations" section of the commissioners' report also addressed the legal questions raised by Holbrook's complaint. Looking to the requirement of St. 1885, c. 217, § 13, that "the matter in controversy shall be determined by three commissioners," the commissioners construed their duty "to include not only the making of findings of fact but also to determine the questions of law as well." The commissioners also stated "that such determinations and rulings are advisory only and subject to revision by the Court."

Concerning St. 1885, c. 217, § 13, the commissioners were of the view that equal apportionment was contemplated; that the towns have so interpreted the statute for eighty-seven years; and that the statute is not susceptible "to an interpretation that 'equally' means anything different than fifty percent each in the case of Randolph and Holbrook."

We turn first to the dispute between the parties as to the significance, if any, of the commissioners' interpretation of the meaning of the statute, c. 217, § 13. Randolph urges that this ruling of law by the commissioners should be given special consideration by this court, by reason of specific language of the statute. Randolph relies on language in *County Comm'rs of Hampshire, petitioners*, 140 Mass. 181, 182 (1885), in which this court spoke of the "duty" of such commissioners to make rulings of law. Holbrook argues that this court is the sole and ultimate arbiter of the interpretation and constitutionality of the Commonwealth's statutes, *Cleary* v. *Cardullo's, Inc.*, 347 Mass. 337, 344 (1964), and that the rulings of the commissioners are of no significance.

The principle relied on by Holbrook is well established. However, we need not consider further whether the wording of § 13 indicates that a different view should control in cases like the instant one. The commissioners' interpretation of the statute accords with our own, namely, that the operative words of § 13 — that costs are to be "borne and paid equally by the towns which unite and jointly act" — are clear and unambiguous. The words of the statute cannot be

stretched beyond the fair meaning in order to relieve what Holbrook argues is a hard case. See *Westgate* v. *Century Indem. Co.*, 309 Mass. 412, 415 (1941); *King* v. *Viscoloid Co.*, 219 Mass. 420, 425 (1914). The statute is clear beyond dispute that costs must be borne and paid equally by the two towns.

Holbrook asserts that this interpretation which requires "50-50" payments renders the statute unconstitutional in that it denies Holbrook and its inhabitants due process of law and equal protection of the law. Randolph asserts that Holbrook has no standing, as a municipal corporation, to make such a challenge against its parent State under the Fourteenth Amendment to the United States Constitution. Holbrook responds that it has standing to act, at least as parens patriae, on behalf of its citizens. We need not address the issue of standing further since we conclude that Holbrook's claim of unconstitutionality has not been established.

For purposes of discussion, we accept the premise, offered by Holbrook, that a statute which was valid at one time may become void at a later time because of altered circumstances, and that such altered circumstances can take the form of a change in economic conditions. See generally *Vigeant* v. *Postal Tel. Cable Co.*, 260 Mass. 335, 342-343 (1927). However, even if we assume that the Legislature were to consider passage of the statute at the present time, including the present greatly disproportionate use of water between the towns, unconstitutionality has not been shown.

It is undisputed between the parties that our inquiry as to constitutionality seeks merely to determine whether Holbrook has shown that the statute lacks any rational basis on which the Legislature could have relied. We described the onerous burden of one who challenges the constitutionality of a statute in *American Mfrs. Mut. Ins. Co.* v. *Commissioner of Ins.*, ante 181, 190 (1978), as follows: "The plaintiffs carry a heavy burden in seeking to overcome the statute's presumption of constitutionality. See *El Paso* v. *Simmons*, 379 U.S. 497, 508-509 (1965). 'Every rational

presumption is indulged in favor of the validity of an act of the General Court. Enforcement of such legislative enactment will not be refused unless its conflict with some provision of the Constitution is established beyond reasonable doubt.' *Campbell* v. *Boston,* 290 Mass. 427, 429 (1935). This is particularly the case with economic and remedial social enactments. *Commonwealth* v. *Henry's Drywall Co.,* 366 Mass. 539, 542-544 (1974). In this sphere the burden is on the plaintiffs to make factual showings that the statute is irrational in its operation, and it has been our frequently stated rule that such a statute will not be set aside as a denial of due process 'if any state of facts reasonably may be conceived to justify it.' *Id.* at 542."

Applying this standard of review, we find that Holbrook has not met its burden of proving that the statute is at the present time utterly without rational justification. Indeed, it is clear from the commissioners' findings that the Legislature, if it considered the legislation at the present time, might consider, inter alia, the following facts as justification for an equal sharing of costs between the two towns: that Holbrook derives substantial advantages from the joint water system, and that Holbrook cannot meet its own water needs without it; that Randolph has the larger water department; that more of the joint system's tax exempt property lies in Randolph than in Holbrook; and that police and fire protection, as well as public works maintenance, falls more heavily on Randolph.

If Holbrook is correct in its contention that the statute works unfairly against Holbrook and its inhabitants, it is clear that the remedy does not lie with this court. The matter, if it is to be pursued further, is for legislative consideration.

The case is remanded to the county court where a judgment shall be entered consistent with this opinion.

*So ordered.*