RUTH L. CAHILL *vs.* COMMONWEALTH & others. January 7, 1983. The plaintiff, Cahill, was sixty-nine years of age when, in January, 1979, she was hired as a clerk-typist to work in the office of the State Secretary. In late August or early September, 1980, she received notice that pursuant to G. L. c. 32, § 3(2)(*f*), amended through St. 1969, c. 740, § 4, she would have to retire at the end of September, 1980. She brought an action under G. L. c. 231A, § 1, seeking injunctive relief and a declaration to the effect that she could continue in government service. On Cahill's motion for summary judgment, Mass.R.Civ.P. 56, 365 Mass. 824 (1974), the judge concluded that the plaintiff could not continue in her employment beyond the age of seventy. Cahill appeals, arguing that G. L. c. 32, § 90F, inserted by St. 1977, c. 735, must be construed as allowing her to continue in service past the mandatory retirement age of seventy.

General Laws c. 32, § 3(2)(*f*), provides in pertinent part that "[n]o person who enters . . . the service of any governmental unit as an employee after attaining age sixty-five . . . shall become a member" of the State employees' retirement system. (See c. 32, § 1, defining "member" as "any employee included in the state employees' retirement system.") Section 3(2)(*f*) further states that "[n]o such employee . . . shall remain in the service of such governmental unit after attaining the maximum age for the group in which he would have been classified if he had become a member." As a clerk-typist, Cahill would have been classified as a Group 1 employee, see § 3(2)(*g*), who, by reason of c. 32, § 1, defining "Maximum Age," must retire at age seventy.

1. Cahill argues that, under § 3(2)(*e*) and § 90F, she has the option to continue in government service beyond age seventy. Section 3(2)(*e*), as appearing in St. 1963, c. 749, § 1, provides in applicable part that "[n]o member *and no person who was ineligible for membership* because of entering . . . the service after attaining age sixty . . . shall remain in service after attaining the maximum age . . . for the group in which he would have been classifed had he become a member" (emphasis supplied). This provision has been expanded, argues Cahill, by the following language of § 90F: "Any *member* in service, classified in Group 1 shall continue in service, at his option, notwithstanding the fact that he has attained age seventy . . ." (emphasis supplied). Even though § 90F is expressly limited to a "member in service," Cahill asks that we interpret § 90F as including within its scope persons ineligible for membership in the retirement

system. In enacting § 90F, the Legislature was aware of § 1 and § 3. *Hadley* v. *Amherst*, 372 Mass. 46, 51 (1977). It is not for us to assume a legislative role and rewrite the statute, see *Rosenbloom* v. *Kokofsky*, 373 Mass. 778, 780 (1977), so as to afford a retirement option to members and nonmembers alike. See also *Holbrook* v. *Randolph*, 374 Mass. 437, 440-441 (1978).

2. Bypassing the issue of the validity of age-based retirement statutes (see *Massachusetts Bd. of Retirement* v. *Murgia*, 427 U.S. 307 [1976]; *McCarthy* v. *Sheriff of Suffolk County*, 366 Mass. 779 [1975]), Cahill contends that her forced retirement is due not to her age but to her nonmembership in the retirement system which, in turn, excludes her from opting for continued service under § 90F. She claims that § 90F is unconstitutional because it arbitrarily exempts members, but not nonmembers, from mandatory retirement. "[W]e will not overturn such a statute unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational." *Vance* v. *Bradley*, 440 U.S. 93, 97 (1979). A member chosing to remain in service beyond age seventy receives upon retirement "a superannuation retirement allowance equal to that to which he would have been entitled had he retired at age seventy." § 90F. Such an election by members would reduce some of the financial demands made upon the retirement system. Cf. *Opinion of the Justices*, 364 Mass. 847, 863-865 (1973); *Massachusetts Teachers Assn.* v. *Teachers' Retirement Bd.*, 383 Mass. 345, 348-349 & n.7 (1981); *Dullea* v. *Massachusetts Bay Transp. Authy.*, 12 Mass. App. Ct. 82, 95-96 (1981). For that reason, if no other, § 90F is "rationally related to furthering a legitimate [S]tate interest." *Massachusetts Bd. of Retirement* v. *Murgia*, 427 U.S. at 312.

3. While the judge determined the rights of the parties in his memorandum, the judgment entered pursuant to Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1976), recites only that judgment is for the defendants. Accordingly, the judgment is modified so as to declare that G. L. c. 32, § 90F, does not violate either the Constitution of the United States or that of the Commonwealth and that the plaintiff is not entitled to continue to work for the Commonwealth beyond the age of seventy. As so modified, the judgment is affirmed.

*So ordered.*

*Carol B. Liebman* for the plaintiff.
*William L. Pardee*, Assistant Attorney General, for the defendants.