CITY of WORCESTER *vs*. CIVIL SERVICE COMMISSION & others.[1]

Worcester. February 9, 1984. — June 19, 1984.

Present: GRANT, BROWN, & PERRETTA, JJ.

*Public Employment,* Termination, Demotion. *Statute*, Construction.

Municipal employees who, upon receipt of notice of their impending layoffs because of a city's lack of funds, elected to be demoted under G. L. c. 31, § 39, as an alternative to separation from employment, were not entitled to a hearing pursuant to G. L. c. 31, § 41. [282-283]

CIVIL ACTION commenced in the Superior Court Department on January 3, 1983.

The case was heard by *Gerald F. O'Neill, Jr.*, J.

*Peter A. Campagna*, Special Assistant City Solicitor, for the plaintiff.

*Jamie W. Katz*, Assistant Attorney General, for Civil Service Commission.

*David B. Rome* for the employees.

PERRETTA, J. By an action in the nature of certiorari under G. L. c. 249, § 4 (and seeking declaratory relief pursuant to G. L. c. 231A), the city of Worcester (city) sought review in the Superior Court of a Civil Service Commission (commission) decision (with two members dissenting) which held that the city had wrongfully refused to provide hearings under G. L. c. 31, § 41, to the defendant employees who, upon receipt of notice of their impending layoffs because of a lack of funds, exercised their right, as provided for by G. L. c. 31, § 39, to accept demotions as an alternative to the layoffs. The trial judge affirmed the commission's decision and dismissed the city's action. The sole question raised by the city's appeal is whether the employees were entitled to accept demotions (§ 39)

---

[1] Seven employees of the department of public works of the city of Worcester.

and contest their impending layoffs (§ 41) or whether the employees, by consenting to demotions, lost their right to question the justness of the city's proposed layoffs. We conclude that the employees were not entitled to § 41 hearings, and reverse the judgment.

1. *Background.*

The facts are not in dispute and are as follows. In May, 1982, the employees received written notices from the city that they were to be laid off from their employment because of a lack of funds. Each employee was also advised of the date, time, and place of a hearing concerning the proposed layoffs.

The contents of the city's letters to the employees satisfied the notice requirements of § 41, inserted by St. 1978, c. 393, § 11, which are:

> "Except for just cause and except in accordance with the provisions of this paragraph, a tenured employee shall not be discharged, removed, suspended for a period of more than five days, laid off, transferred from his position without his written consent . . . lowered in rank or compensation without his written consent, nor his position be abolished. Before such action is taken, such employee shall be given a written notice by the appointing authority, which shall include the action contemplated, the specific reason or reasons for such action and a copy of sections forty-one through forty-five,[2] and shall be given a full hearing concerning such reason or reasons . . . . The appointing authority shall provide such employee a written notice of the time and place of such hearing at least three days prior to the holding thereof, *except that if the action contemplated is the separation of such employee from employment because of* lack of work, *lack of money,* or abolition of position the appointing authority shall provide such employee with such notice at least seven days prior to the holding of the hearing and shall also include with

---

[2] Sections 41 through 45 pertain to the manner in which hearings are to be conducted, decisions appealed, and judicial review sought.

such notice a copy of sections thirty-nine and forty" (emphasis supplied).

Each of the employees responded to the notice with the following letter: "This is to inform you of my intent to exercise my right under Chapter 31, to be demoted as an alternative to separation from employment. I do not waive my right to contest the justness of the layoff and maintain my right for a hearing on the above matter."

The right to elect demotion referred to in these letters is found in § 39, as appearing in St. 1978, c. 393, § 11, which provides in applicable part:

> "Any action by an appointing authority to separate a tenured employee from employment for the reasons of lack of work or lack of money or abolition of positions shall be taken in accordance with the provisions of section forty-one. Any such employee who has received written notice of an intent to separate him from employment for such reasons *may, as an alternative to such separation*, file with his appointing authority, within seven days of receipt of such notice a written consent to his being demoted in the next lower title or titles in succession . . . if in such next lower title or titles there is an employee junior to him in length of service. As soon as sufficient work or funds are available, any employee so demoted shall be restored, according to seniority in the unit, to the title in which he was formerly employed." (Emphasis supplied.)[3]

Because the employees consented to their demotions, the city did not hold the hearings mentioned in the notices to the employees, and the employees filed complaints with the commission under G. L. c. 31, § 42. The city contends that by electing demotions the employees were no longer faced with

---

[3] "Bumping" rights are given to permanent employees by § 40. For the difference between "permanent" and "tenured" employees, see G. L. c. 31, § 1.

separation from their employment and, hence, had no right to § 41 hearings. The commission and employees counter that the right to a hearing under § 41 comes into existence upon receipt of notice of the intended layoff and that that right is not extinguished by a consent to a demotion.

The trial judge ruled that the language of §§ 39 and 41 is ambiguous because the employees were initially laid off and therefore entitled to hearings under § 41 but that § 39 impliedly excluded them from the procedural benefits of § 41 by reason of their elected demotions. On the basis of that ruling, the trial judge turned to the legislative history of § 41, specifically, 1965 House Doc. No. 9, at 5, to resolve the perceived ambiguity. The portions of that document relied upon by the trial judge are set out below.[4] He concluded that the Legislature intended to exclude from § 41 only those employees who had made written *requests* for an assignment to a lower position. As the employees in the present case question the cause of their layoffs and not their demotions, the trial judge concluded that they were entitled to hearings under § 41 notwithstanding their elections under § 39.

---

[4] "AN ACT further defining the law relative to re-assigning certain employees under civil service.

"Many times, employees, because of the location of positions to which assigned, illness or personal reasons, and with the approval of the appointing authority, request that they be assigned to less difficult tasks in a position and salary commensurate with the duties to be performed. In most cases, it is to positions which they have previously held on a permanent basis.

"At the present time, because of the present wording [see St. 1957, c. 432] of section 43(a), chapter 31, General Laws [now § 41] to affect such action, it is necessary that the appointing authority notify the employee of a full hearing stating the specific reasons therefor, and give him notice in writing after the hearing of the decision, even though the action is taken at the employee's request. This does not seem to be reasonable and causes much waste of time and money. In the case of transfer of a permanent employee, it is not necessary that the procedure outlined in section 43 be followed if he gives his consent. The present law, however, does not state *that this consent must be in writing and the Division has had complaints* from employees that they have not consented to such transfer. The attached recommendation is, therefore, submitted." See next, St. 1965, c. 361, providing that an employee cannot be "lowered in rank or compensation, without his consent in writing."

## 2. *Discussion.*

"Our obligation is to read and apply . . . [§§ 39 and 41] in a way which yields an effectual and harmonious piece of legislation compatible with the legislative goals that motivated its passage." *Power* v. *Secretary of the Dept. of Community Affairs*, 7 Mass. App. Ct. 409, 413 (1979). To do this, we look first to the language of the statutes, and in the absence of uncertainty or ambiguity, we need go no further. See *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977); *New England Medical Center Hosp., Inc.* v. *Commissioner of Rev.*, 381 Mass. 748, 750 (1980).

The language of § 39 is clear in its requirement that an appointing authority seeking "to separate a tenured employee from employment for the reason[ ] of . . . lack of money" must act in accordance with § 41. By equally clear terms, § 41 provides that a "tenured employee shall not be . . . lowered in rank or compensation without his written consent." Although § 41 does not thereafter expressly state that written consent obviates the need for a hearing, we think that such a result is implicit in a reading of § 41 with § 39.

The first sentence of the second paragraph of § 39 (as previously set out in the text of this opinion) directs itself to § 41 when a tenured employee is to be "separate[d]" from his employment. Immediately thereafter, § 39 provides the employee "an alternative to such separation," that is, the right to accept a demotion with restoration to the original rank upon the availability of work or funds. As we read § 39, the procedural benefits of § 41 come into play only when the employee does not take advantage of the alternative to "separation" from employment and, hence, does not consent in writing to being lowered in rank or compensation. Where the employee does consent to a demotion under § 39, he is not faced with separation from employment, and restoration to his former position is guaranteed upon fiscal opportunity.

Our reading of § 39 is consistent with the distinction made in § 41 between an employee who is to be "discharged, removed, suspended for a period of more than five days, laid off, transferred from his position without his written consent

. . . [or] lowered in rank or compensation without his written consent," and an employee who is to be "separat[ed] because of . . . lack of money." Employees in the first category are to be provided with copies of G. L. c. 31, §§ 41 through 45 (see note 2, *supra*) and at least three days notice of a hearing, whereas those employees faced with separation from employment by reason of a lack of funds are to be provided with copies of G. L. c. 31, §§ 39 and 40, that is, notice of their alternative rights, and seven days notice of a hearing. Moreover, § 41 makes no mention of "bumping rights," see note 3, *supra*, which are extended under §§ 39 and 40 only.

From these provisions, it is plain to us that employees faced with separation from their employment because of the inability to meet their salaries are given a clear choice: avoid separation by exercising those rights provided for in § 39 (demotion and restoration) or contest the layoff and exercise those rights provided for in § 41 (commission and judicial review).[5]

The employees contend that any written consent given under § 39 cannot be viewed as sufficient to constitute a waiver of a hearing under § 41 because the consent is induced by the threat of separation from employment. We do not imply that the choice put to the employee is an easy one. However, as noted from the outset, it is not our function to ignore the plain language of the statutes to avoid putting the employees to a difficult decision, cf. *Holbrook* v. *Randolph*, 374 Mass. 437, 440-441 (1978); rather, it is our duty to enforce the statutes according to their terms. See *James J. Welch & Co.* v. *Deputy Commr. of Capital Planning and Operations*, 387 Mass. 662, 666 (1982).

---

[5] Although our conclusion that the statutes are plain and unambiguous relieves us of the need for looking at legislative history, we note that the provision for written consent inserted in § 41 (formerly § 43) by St. 1965, c. 361, and relied upon by the trial judge came some twenty years after the provisions allowing for consent to demotion with restoration rights upon the availability of funds. See St. 1945, c. 704, § 9, amending G. L. c. 31, § 46G, the present § 39. Thus, in our view, 1965 House Doc. No. at 5, see note 4, *supra*, is not relevant to the issue herein presented.

3. *Conclusion.*

The judgment is reversed, and a new judgment is to enter quashing the decision of the Civil Service Commission, and declaring that these employees, who elected to be demoted under G. L. c. 31, § 39, as an alternative to separation from employment, are not entitled to a hearing pursuant to G. L. c. 31, § 41.

*So ordered.*