25 Mass. App. Ct. 573                                        573

Commissioner of the Metropolitan District Commission v. Civil Service Commission.

COMMISSIONER OF THE METROPOLITAN DISTRICT
COMMISSION vs. CIVIL SERVICE
COMMISSION & another.[1]

No. 87-362.

Suffolk.  January 13, 1988. — April 6, 1988.

Present: DREBEN, KASS, & SMITH, JJ.

*Public Employment,* Retirement, Termination. *Veteran. Practice, Civil,* Relief in the nature of certiorari.

With respect to an employee whose services had been terminated by his public employer, and whose termination notice had provided information as to both appeal and retirement rights but had not indicated any inconsistency between pursuing an appeal and taking retirement, a judge was warranted in concluding, on the basis of the record of appeal proceedings before the Civil Service Commission, that the employee would not have retired but for the misinformation furnished him by his employer, and the judge correctly ordered the employee's reinstatement in accordance with the commission's finding that the termination was wrongful. [576-577]

In a proceeding in the nature of certiorari for review of a decision of the Civil Service Commission, a public employer did not carry its burden of showing error in the commission's conclusion that an employee's decision to retire had not been voluntarily made. [577-578]

CIVIL ACTION commenced in the Superior Court Department on September 21, 1982.

The case was heard by *George C. Keady, Jr.,* J.

*Sandra L. Hautanen (Brian F. Gilligan* with her) for the plaintiff.

*James M. Hughes* for Alexander Vafides.

DREBEN, J.  In this action in the nature of certiorari (G. L. c. 249, § 4), the plaintiff, Commissioner of the Metropolitan

---

[1] Alexander Vafides, intervener. The Civil Service Commission did not file a brief or otherwise take part in this appeal.

District Commission (MDC), sought to reverse an April, 1982, decision of the Civil Service Commission (commission) which ordered the MDC to reinstate Alexander Vafides to his former position as tunnel inspector. The commission found that Vafides's employment had been wrongfully terminated. The MDC claims that the commission lacked jurisdiction to reinstate Vafides because he had retired from his position upon learning that he had been terminated. A judge of the Superior Court ordered Vafides reinstated. We affirm.

Vafides, a disabled veteran entitled to preference under G. L. c. 30, § 9A, was one of several tunnel inspectors[2] who were laid off by the MDC for lack of funds on September 17, 1981.[3] They appealed to the commission pursuant to G. L. c. 31, § 43, and in April, 1982, the commission, adopting the findings

---

[2] An anachronistic misnomer. The commission found that employees working under the classification of tunnel inspectors were not employed to do subsurface work. At oral argument the panel were informed that they perform office duties.

[3] The MDC letter terminating Vafides's employment is not reproduced in the agency record appearing in the record appendix. The only termination letter applying to a veteran contained in the agency record is a letter to Robert Bell, who also appealed from the MDC termination. Since the commission decision suggests that the letters were similar and the MDC has not inserted anything in the record to indicate otherwise, we treat Vafides as having received a comparable notice.

The letter to Bell indicated that for purposes of economy the MDC had to initiate a reduction in work force. It also suggested that his job ("as well as [those of] other employees serving in the same position") would not be needed in the future since the type of construction the MDC will be engaged in "will almost wholly relate to bridges, highways, structures and buildings rather than the sub-surface construction that has been so large a part in the past." The letter notified Bell that he had an opportunity for a full hearing, and that he should also be aware that as an employee with fifteen or more years of service, he was entitled to certain rights within the State's retirement system. Copies of G. L. c. 31, §§ 39-45, and of c. 32, § 16, were included.

General Laws c. 31, § 41, requires that copies of §§ 41-45 be given to employees. Nothing in any of those provisions would warn an employee of possible consequences of retirement on his rights to appeal. The letter in no way suggested that the right to a hearing and the right to retirement benefits are inconsistent. To the contrary, the letter suggested that both were available.

25 Mass. App. Ct. 573       575

Commissioner of the Metropolitan District Commission *v.* Civil Service Commission.

and following the recommendation of the hearing officer, ordered reinstatement.[4]

Prior to the commission's decision, Vafides retired. In order not to defer retirement benefits, he had to elect retirement within sixty days of the notice of termination. See G. L. c. 32, § 10 (3). Whether the retirement occurred before or after the filing of his appeal to the commission is a matter of dispute. The record is not clear on this point, but the date of his retirement is irrelevant to our decision.

In the Superior Court action in the nature of certiorari brought by the MDC against the commission the tunnel inspectors were permitted to intervene. The MDC and the Commission were able to settle the claims for reinstatement of the tunnel inspectors other than Vafides. Only his case remained.

At a hearing in the Superior Court an assistant attorney general, on behalf of the commission, moved to remand the matter to the commission for it to consider the factual and legal issues raised by Vafides's retirement upon his right to reinstatement.[5] The MDC assented to the motion, and the trial judge remanded the matter to the commission.

An administrative magistrate found, on remand, that Vafides had been employed as a tunnel inspector for nineteen and one-half years, that prior to his termination in September, 1981, he had made no plans to retire, and that his retirement was "the direct result of his layoff." He "applied for retirement benefits solely in contemplation of his termination in an effort to secure some measure of financial stability for his family." The administrative magistrate recommended reinstatement because the commission had found the layoff to be unlawful.

---

[4] The commission found that because "the appointing authority used as its rationale the lack of subsurface construction in laying off [Vafides] where [he was] never assigned to that task [he was] unfairly singled out." See note 3, *supra*. It also found that Vafides had not been accorded the preference to which he was entitled as a disabled veteran. See G. L. c. 30, § 9A.

[5] The judge recognized that Vafides, who was sixty-six years old at the time of termination in 1981, would probably follow a reinstatement by a second retirement but explained that Vafides would then be entitled to a different retirement pay and other adjustments.

While adopting the findings of fact of the magistrate, the commission ruled, without discussion, that "the appellant did in fact retire and therefore the commission lacks jurisdiction."[6] The trial judge disagreed and concluded that since Vafides would not have retired "but for the erroneous action taken by the MDC, he is entitled to be reinstated."

That holding, based on the administrative record, accords with the normal rules governing employment and other contracts. Just as an employee is relieved of the adverse consequences of a decision to terminate his employment which is induced by fraud, coercion, or duress, see *Jones v. Wayland*, 374 Mass. 249, 259 (1978), he is relieved of a decision made in reasonable reliance on misinformation received from his employer. Such a decision cannot be considered an informed choice or a voluntary retirement. See *Covington v. Department of Health & Human Servs.*, 750 F.2d 937, 942 (Fed. Cir. 1984). See also *Scharf v. Department of the Air Force*, 710 F.2d 1572, 1575 (Fed. Cir. 1983); *Gonzalez v. Department of Transportation.*, 701 F.2d 36, 39-40 (5th Cir. 1983). Compare *Taylor v. United States*, 591 F.2d 688, 690-691 (Ct. Cl. 1979).

While the focus of the findings of the administrative magistrate, adopted by the commission, was directed to the wrongful, rather than the misleading, nature of the MDC's action, her findings, together with those made by the commission in 1982, show that Vafides was, indeed, misinformed in material ways. This conclusion is substantiated by the administrative record.

In 1982, the commission found the appellants were informed "that their positions were being eliminated because of a lack of subsurface construction"; that "[n]ot one of the appellants had ever been employed in subsurface construction"; and that other employees (senior tunnel inspectors) having similar duties

---

[6] Federal regulations, 5 C.F.R. § 752.401(c)(3) (1987), specifically provide that where "voluntary action" is "initiated by the employee" he is excluded from the category of employees entitled to take an appeal from agency action. It does not appear that there are similar State regulations. For purposes of this decision, we assume that an informed voluntary retirement may preclude an appeal.

25 Mass. App. Ct. 573 577

Commissioner of the Metropolitan District Commission v. Civil Service Commission.

were unaffected by the layoffs. The reference to a lack of future subsurface construction and the statement that construction would be almost wholly in the areas of bridges and buildings, would reasonably lead a tunnel inspector, like Vafides, to doubt that future employment was likely. See *Covington* v. *Department of Health & Human Servs.*, 750 F.2d at 943.

More important, the termination notice, see note 3, *supra,* which provided information as to appeal and retirement rights, suggested that both avenues were open and in no way indicated that there was any inconsistency between pursuing an appeal and taking retirement. See *Covington*, 750 F.2d at 943, 944. See also *Gonzalez*, 710 F.2d at 39.

We recognize that we have recast the findings of the commission in terms of the erroneous nature of the information given to Vafides. We conclude, however, that the two sets of findings, the original ones and those on remand, together with the notice of termination, leave no doubt that his decision to retire was not voluntary.

There is, moreover, another basis for our decision. The MDC, being the appellant in this proceeding in the nature of certiorari, has the burden of showing error on the record of the commission's 1982 decision. This it has not done, as the later findings of the administrative magistrate do not suffice to show that Vafides's retirement was voluntary.[7]

The MDC's reliance on *Worcester* v. *Civil Serv. Commn.*, 18 Mass. App. Ct. 278, 283 (1984), is misplaced. That case, construing G. L. c. 31, §§ 39 & 41, held that those provisions give employees faced with separation from employment for lack of funds a clear choice: they can either avoid separation and voluntarily accept demotion with restoration to their previous status as soon as funds are available, or contest the layoff and exercise the rights provided for in G. L. c. 31, § 41 — appeal to the commission and judicial review. That case has no application where, as here, Vafides does not appear to

---

[7] We do not intimate that in an initial proceeding before the commission the appointing authority would have the burden of showing a retirement to be voluntary.

have had that statutory choice,[8] and where he was given incorrect information[9] as to the choices available to him. Other cases cited by the MDC, *Bell* v. *Treasurer of Cambridge*, 310 Mass. 484, 487-488 (1941), and *Jones* v. *Wayland*, 374 Mass. at 252 n.3, 259-261, are inapposite. In *Bell*, the court found the relinquishment of duties voluntary, and in *Jones* no issue was raised as to whether the resignation was knowingly and voluntarily made. See *Jones* at 252, n.3.

We hold that the commission's original decision was correct. Vafides was not barred from contesting the layoff, and the commission could grant relief.

*Judgment affirmed.*

---

[8] The commission's 1982 decision indicates that Vafides's position was not one classified under G. L. c. 31 and that his rights under G. L. c. 31, § 41, are by reason of G. L. c. 30, § 9A. The latter statute provides that veterans holding certain positions in the service of the Commonwealth are to be involuntarily separated from such positions only in accordance with the provisions of G. L. c. 31, §§ 41-45.

[9] This is on the assumption made in note 6, *supra.*