414 Mass. 141                                          141

McNiff *v.* South Middlesex Regional Vocational Technical School District Committee.

KEVIN MCNIFF *vs.* SOUTH MIDDLESEX REGIONAL
VOCATIONAL TECHNICAL SCHOOL DISTRICT COMMITTEE.

Middlesex. October 5, 1992. - January 12, 1993.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*School and School Committee*, Regional school district, Tenure of person-
nel, Transfer of employees.

General Laws c. 71, § 42B, protects a teacher's employment rights only
against a regional school district and its member towns; thus where a
teacher, on dissolution of the regional school district that had employed
him at discretion (tenure), accepted a teaching position in a different
regional school district, rather than in one of the former district's mem-
ber towns, he was not entitled, by operation of that statute, to tenured
status in his new position. [143-145]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 30, 1990.

The case was heard by *Thomas E. Connolly*, J., on mo-
tions for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Laurence A. Faiman* for the defendant.

*Brian A. Riley* for the plaintiff.

ABRAMS, J. South Middlesex Regional Vocational Techni-
cal School District Committee (school committee) appeals
from a judgment ordering it to employ the plaintiff, Kevin
McNiff, as a tenured teacher within its district (South Mid-
dlesex) pursuant to G. L. c. 71, §§ 42 and 42B (1990 ed.).
The Superior Court judge in ordering summary judgment for
McNiff determined that "the intent of c. 71, §§ 42 and 42B
is to protect tenured teachers of dissolving regional voca-
tional districts and tenured teachers of towns joining such
districts." He further concluded that the "plaintiff is within

the intent of the law and is entitled to its protection [because] a member town of Quinobin [Regional School District] . . . joined the defendant district shortly after Quinobin dissolved." We transferred this case to this court on our own motion. We reverse and order judgment for the school committee.[1]

We set forth the agreed facts. McNiff was employed as a culinary arts teacher by the Quinobin Regional School District (Quinobin) from September, 1980, until June, 1987. Quinobin was composed of the towns of Dedham, Milton, Wellesley, and Natick. McNiff was elected to serve at discretion (tenure) in Quinobin effective September, 1983. Quinobin dissolved in June, 1987.

Around March 24, 1987, McNiff was notified that he had been appointed as a culinary arts teacher in South Middlesex, which comprised the towns of Ashland, Framingham, Holliston, and Hopkinton. McNiff worked for South Middlesex until the end of the 1989-1990 school year; on March 30, 1990, McNiff was informed, without prior notice or a hearing before the school committee, that he would not be reappointed for the 1990-1991 school year.

On October 6, 1987, the Natick town meeting confirmed by vote the terms of an agreement entering the town of Natick (a former member of Quinobin) into South Middlesex. On November 16, 1987, the school committee and Natick agreed that Natick would be admitted to South Middlesex effective July 1, 1988, subject to the terms of the agreement.

McNiff asserts that the rights which he had as a teacher serving at discretion in Quinobin should be transferred to and made effective against the school committee by operation of G. L. c. 71, § 42B. McNiff argues that the school committee violated the provisions of G. L. c. 71, § 42, establishing

---

[1]The judge ordered an award of back pay to McNiff from the school committee. He also ordered that the award of back pay be reduced by McNiff's earnings since he was terminated. In light of our conclusion that McNiff was not entitled to the protection of § 42B, a judgment for McNiff on the school committee's counterclaim for reduction of the award of back pay should be entered.

the procedures to be followed in dismissing a tenured teacher. McNiff admits that his situation is not expressly addressed by the statute, but argues that "it is the obvious intent of . . . G. L. c. 71, § 42B to protect tenured faculty who are transferred as a result of the opening or closing of a regional school district." Therefore, McNiff asserts that the school committee should be bound by the provisions of § 42B just as it would have been if McNiff, at the time of South Middlesex's establishment, had been working for a South Middlesex member town's school committee. We do not agree.

General Laws c. 71, § 42B, establishes rights of school employees in regional school districts. Section 42B provides that "school personnel serving at the discretion of a local school committee of a town in the district . . . whose position is superseded by reason of the establishment and operation of a regional school district shall be elected by the regional district school committee to serve at its discretion." Section 42B further provides that "school personnel, employed by a regional school district committee, whose position is abolished or eliminated by reason of the disestablishment and discontinuance of the regional school district or the withdrawal of a member community from such district shall be employed by one of the withdrawing city or town school committees, and if any such personnel is serving at the discretion of the district, such personnel shall be employed by such city or town school committee to serve at its discretion." Section 42B applies to school personnel serving at the discretion of local trustees for vocational education, and allows for the transfer of various benefits and rights from a city or town school position to a regional school position, or from a regional school district to a city or town school position without loss of benefits.

At the time McNiff sought and accepted a position with the school committee, he was a school employee serving at discretion in Quinobin. Thus, at the time Quinobin dissolved, McNiff was entitled to be employed by one of the member towns to serve at its discretion. McNiff's position in Quinobin

was affected by its dissolution. The statutory remedy provided by § 42B was against Quinobin member towns. For whatever reason, McNiff was not employed by a member of Quinobin after it dissolved. Rather, he obtained employment with the school committee.[2]

"[S]tatutory language itself is the principal source of insight into the legislative purpose." *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977). The language of § 42B focuses on preserving the stability of existing town school positions during the establishment of a regional school district, and of existing regional school district positions if the district dissolves or a town chooses to withdraw from a district.

The school committee could not violate a statute that in McNiff's case only applied to Quinobin and its member towns. The statute's language restricted its effect to the preservation of the positions of city or town school personnel during the formation of a regional school district of which the town will be a member, and the positions of regional school district employees when the withdrawal of a member town eliminates the need for them in the regional school district. Application of the plain language of the statute to McNiff does not "lead to an absurd and unreasonable conclusion." *Lexington* v. *Bedford*, 378 Mass. 562, 570 (1979). Nor would such a construction "be inconsistent with other material provisions of the statute [or] defeat the aim and object of the legislation." *Id.* "[W]here the language used by the Legislature is so plain, as it is here, there is no room for speculation." *Westgate* v. *Century Indem. Co.*, 309 Mass. 412, 415 (1941). "The words of the statute cannot be stretched beyond the fair meaning in order to relieve . . . a hard case." *Holbrook* v. *Randolph*, 374 Mass. 437, 440-441 (1978).

McNiff asserts that, after he took employment with the school committee, it admitted the town of Natick; because Natick formerly was a member town of Quinobin, see G. L.

_____

[2]McNiff does not contend that the school committee was required to hire him on the dissolution of Quinobin. He also does not claim that he was denied a position with a Quinobin member town.

c..71, § 14B (1990 ed.), McNiff characterizes Natick's entrance into South Middlesex as South Middlesex's "superseding" his position in the Quinobin District. See G. L. c. 71, § 14 (1990 ed.). We do not agree. McNiff has not shown that he would have been employed by Natick, rather than in the school system of another former Quinobin member town.[3] Further, the fortuity of a member town of the former Quinobin later joining South Middlesex does not operate retroactively to modify McNiff's employment status. McNiff's job change therefore cannot be said to have merely "short circuited" a process that would have occurred inevitably had he not obtained a position within South Middlesex. Neither McNiff's decision to work for the school committee nor Natick's decision to join South Middlesex binds the school committee to employ McNiff at its discretion.

We therefore vacate the Superior Court's order allowing McNiff's motion for summary judgment and order that judgment in accordance with this opinion be entered.

*So ordered.*

---

[3]Other towns previously encompassed by Quinobin joined regional school districts other than South Middlesex.