Ball, J.
This case involves the resignation and departure of John P. Dennis (“Dennis”), a contract attorney, from the defendant law firm Jager, Smith & Stetier, P.C. (“JSS”), after four years of employment. Dennis brings suit claiming he is owed money for work performed during his employment with JSS. Defendants counterclaim alleging a breach of fiduciary duly by Dennis.
As to the cross motions for summary judgment pending before the court, there appear to be questions of fact outstanding. In any event, any partial allowance of summary judgment would serve little purpose as regards judicial economy, since virtually all of the evidence exhaustively argued would be admissible at *568 the trial of any one of the claims or counterclaims asserted — with one exception.[2]
The exception is Dennis’s claim that the Weekly Payment of Wages Act (the “Wage Act”), G.L.c. 149, § 148, which allows for the collection of treble damages and attorneys fees, applies here; this is a question of law. To determine an act’s purpose, it is appropriate to consider the caption of the act. Commonwealth v. Savage, 31 Mass.App.Ct. 714, 716 & n.4 (1991). The legislative purpose behind enactment of the Wage Act was to mandate prompt payment of earned wages to employees at regular intervals — primarily weekly intervals, as indicated in the caption. See American Mutual Liability Ins. Co. v. Commissioner of Labor and Industries, 340 Mass. 144, 147 (1957). See also G.L.c. 149, §§148-150. For instance, the Wage Act would be applicable to the payment of weekly wages to secretaries in a law firm. The Wage Act does not, however, apply to disputes over “bonuses potentially owing to highly paid executives, who [are] confident enough to resign their employment if their demands . . . [are] not met.” Baptista v. Abby Health Care Group, Inc., Civ. Action No. 95-10125-RGS, at 9 (U.S.D.C., D.Mass., Apr. 10, 1986) (Stearns, J.). As Judge Steams stated in Baptista, “the only impression that can possibly be derived from M.G.L.c. 149, §§148, 150, is that its intent is to protect laborers and casual wage earners who might otherwise be vulnerable to employer intimidation.” Id. at 8. There is no reason to extend to highly paid professionals the opportunity to collect treble damages and attorneys fees and costs incurred in enforcing their asserted contract rights. Id.
Moreover, the annual compensation at issue here is not a “wage” under the Wage Act. Courts have distinguished wages, which include assured compensation and compensation equivalents such as accrued vacation pay and sick leave, from compensation “triggered by contingencies” and thus outside the scope of the Wage Act. See Baptista, at 8-9. Here, Dennis’ compensation was contingent on a number of factors. Neither is Dennis’ annual compensation a “commission” covered by the act. The term “commission” in the Wage Act has been used in reference to “employees who would ordinarily be paid on a weekly basis, such as retail salespeople, and for whom commissions constitute a significant part of weekly income.” Commonwealth v. Savage, 31 Mass.App.Ct. 714, 716 (1991). Unlike such commissioned sales employees who aire paid weekly, lawyers such as Dennis receive substantial and irregular compensation, in the form of a draw, that is not afforded the protections of the Wage Act.[3]
Because the facts as alleged, if true, would not establish a violation of the Wage Act since Dennis’ compensation falls outside its scope and purpose, summary judgment will be allowed on that count.

ORDER

In light of the foregoing, it is hereby ordered that summary judgment is ALLOWED as to Count I of the plaintiffs complaint and DENIED as to the remainder of the claims and counterclaims.

 Aside from the Weekly Payment of Wages Act claim discussed below, Dennis' claim of breach of the implied covenant of good faith and fair dealing is also worthy of mention. In the context of at-will employment, Massachusetts courts have applied this doctrine only where an employer has terminated an employee to deprive him of commissions due or compensation for work performed. See Sellig v. Visiting Nurse & Community Health, Inc., 10 Mass. L. Rptr. 231, 1999 WL 515795, **4 (Super. Ct. Jun. 10, 1999) (McHugh, J.), and cases cited. See also McCone v. New England Telephone & Telegraph Co., 393 Mass. 231, 233-34 n.7 (1984). Here, there is evidence that compensation has been denied for work performed. Thus, this court denies summary judgment at this time in order to give the parties an opportunity at trial to determine whether there was a constructive discharge in this case.

 Dennis has cited New York cases in support of his contention that the Massachusetts Wage Act applies to attorneys’ compensation. The rationale underlying the decisions in those cases contradict the legislative intent of the Massachusetts Wage Act, rely on a different definition of “wages” and are not controlling authority.