Kottmyer, J.
Susan F. Huebsch (“Plaintiff'), the executrix of the estate of Roger M. Huebsch (“Huebsch”), brought this action alleging that the defendant, Katahdin Industries, Inc. (“Katahdin”) breached its employment contract with Huebsch. In Count II of the complaint, Plaintiff claims that Katahdin violated the Wage Act, G.L.c. 149, §§148,150 (2000). Katahdin has moved, pursuant to Mass.R.Civ.P. 12(b)(6) (2000), to dismiss Count II on the grounds that it fails to state a claim upon which relief may be granted. Katahdin argues that, as a matter of law, the disputed portions of Huebsch’s compensation are not covered by the Wage Act. For the reasons set forth below, the Defendant’s motion to dismiss Count II is ALLOWED.
BACKGROUND
On August 7, 1998 Roger Huebsch and Katahdin executed a written employment agreement (“the Agreement”), which Plaintiff attached to her complaint as Exhibit A.[1] Huebsch was to serve as a part-time consultant-employee for Katahdin. The Agreement specifically recognized that Huebsch was a “key” employee of the company. In return for his services, Katahdin agreed to pay Huebsch $42,500 for the first year (guaranteed first-year salary) and $21,250 for the second (guaranteed second-year salary). This payment was “guaranteed” in that Katahdin was obligated to pay these sums to Huebsch regardless of Huebsch’s death or disability and so long as the company did not terminate Huebsch’s employment for cause. The Agreement stated that Katahdin would pay these sums incrementally — on the same schedule as other employees received payment.
The Agreement also provided for “contingent first year salary” and “contingent second year salary.” In the first year, Huebsch would receive an additional $42,500 in a lump sum if he worked at least 100 days. In the second year, Huebsch would receive an additional $21,250 in a lump sum if he worked at least 20 days. The Agreement used the term “contingent" to describe these payments.
The Agreement then defined Huebsch’s rights upon the occurrence of certain events. If Huebsch were to become disabled and was unable to perform his duties, Katahdin was obligated to continue payments of the guaranteed salaries until the end of the contract term. If Huebsch were to die during the term of employment, Katahdin was obligated to pay both the guaranteed and contingent salaries for the first year, and the guaranteed second year sum.
According to the complaint, Huebsch worked “at least 90 days” in the first year and “was available for work on numerous other days, if called upon by the Board to do so.” On April 9, 1999, however, four months before Huebsch’s first year of employment ended, Katahdin terminated his employment without cause. The complaint then asserts that Katahdin has paid Huebsch a total of $56,000 and alleges that this amount fails to satisfy both the guaranteed payment and the sum of the guaranteed and contingent payments. On August 12, 1999, Huebsch died. On July 20, 2000, Huebsch’s estate filed a non-payment of wages complaint with the Office of the Massachusetts Attorney General. The Attorney General declined to pursue an enforcement action pursuant to the Wage Act, but, without “making a judgment on the merits of [the] complaint,” authorized the instant action against Katahdin.
DISCUSSION
Pursuant to Mass.R.Civ.P. 12(b)(6), a court will dismiss a complaint for failure to state a claim where “it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Cacciola v. Nellhaus, 49 Mass.App.Ct. 746, 749 (2000) (quoting Nader v. Citron, 372 Mass. 96, 98 (1977)). The court must accept as true the well pleaded allegations of fact in the complaint and any inferences in the plaintiffs favor that can be drawn therefrom. See Schaer v. Brandeis University, 432 Mass. 474, 477-78 (2000). Thus, a plaintiff will prevail over a motion to dismiss “unless it appears with certainty that he is entitled to no relief under any combination of facts that could be proved in support of his claim.” Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 322 (1998). “In passing on a rule 12(b)(6) motion, the court is not to consider the unlikelihood of the plaintiffs ability to produce evidence to support otherwise legally sufficient complaint allegations, however improbable appear the facts alleged, and ‘notwithstanding expressions of denial and in-credulousness as to ultimate proof by the defendants.’ ” Id. (internal citations omitted). •
The Wage Act provides:
Every person having employees in his [or her] service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned . . . but . . . any employee discharged from such employment shall be paid in full on the day of his discharge... The word “wages” shall include any holiday or vacation payments due an employee under an oral or written agreement... Whoever violates this section shall be punished or shall be subject to a civil citation.
G.L.c. 149, §148 (2000) (emphasis added).[2] The legislative purpose of the Wage Act was to mandate prompt payment of earned wages to employees at regular intervals — primarily weekly intervals.[3] American Mutual Liability Ins. Co. v. Commissioner of Labor & Ind., 340 Mass. 144, at 146-49 (1959); Dennis v. Jager, Smith & Stetler, P.C., 11 Mass. L. Rptr. 567, 2000 WL 782946 at *1 (Ball, J. April 10, 2000).
Plaintiff argues in the alternative 1) that the sum of the first year guaranteed salary ($42,500) and the first year contingent salary ($42,500) exceeds $56,000, thus *182 establishing that Katahdin “withheld” the excess in violation of the Wage Act; 2) the first year ($42,500) and second year ($21,250) guaranteed salaries were not contingent and Katahdin’s failure to pay the total of the two violated the Wage Act, and 3) Huebsch’s termination without cause and his death constituted the happening of contingencies entitling Huebsch to payment of the first-year guaranteed and contingent salaries and the second-year guaranteed payment under the Agreement. None of these arguments has merit.
Wages, as the term is used in the Act, “are money to which the employee has an absolute right; it is ‘his [or her] property . . . not subject to any limitations, contingency, or delay’ ” in payment. Boston Police Patrolmen's Ass’n, Inc., 1999 WL 1260164 at *5, quoting Campbell v. Boston, 290 Mass. 427, 430 (1935); Dennis v. Jager, Smith & Stetler, P.C., 11 Mass. L. Rptr. 567, 2000 WL 782946 at *1 (Ball, J.) (April 10, 2000) (compensation “triggered by contingencies" falls outside the scope of the Wage Act); Cumpata v. Blue Cross Blue Shield of Massachusetts, Inc., 113 F.Sup.2d 164, 167 (D.Mass. 2000).[4] In the same vein, the Appeals Court has described wages as regular and insubstantial, as compared with bonuses or commissions that are episodic and substantial.[5] Commonwealth v. Savage, 31 Mass.App.Ct. 714, 716 (1991) (holding that a real estate broker’s commission was not a wage because the commission was episodic and substantial); see also Dennis, supra, 2000 WL at *1 (stating that the Wage Act does not afford protection to payments of a “substantial and irregular” nature). The fulfillment of a contingency is, by nature, episodic rather than regular.
The second $42,500 payment in the first year was a substantial and episodic payment subject to a contingency that Huebsch had not satisfied. The Agreement obligated Katahdin to pay the additional $42,500 upon the complétion of 100 days work by Huebsch in the first year. Huebsch’s complaint alleges that he work 90 days, thus failing to satisfy the condition precedent to the contingent salary. Further, under the terms of the agreement, Katahdin was not obligated to pay Huebsch any portion of the second-year guaranteed or contingent salary until the second year.
Moreover, the Wage Act expressly states that it applies only to wages earned by the employee. Huebsch did not work during the second year and therefore did not earn any part of the second-year salary. Any right Huebsch had to the guaranteed second year salary is based on contract. Similarly, any right to payment that resulted from Hubesch’s termination without cause or death was created by the Agreement, not because Huebsch had earned this compensation before his employment was terminated. The payments which plaintiff seeks to recover in this action were not “wages” covered by G.L.c. 149, §148.
ORDER
For the foregoing reasons, Defendants’ motion to dismiss Count II is hereby ALLOWED.

 The authenticity of the Agreement is not disputed. In ruling on a motion to dismiss, the court may consider documents referred to in plaintiffs complaint without converting a motion to dismiss into a motion for summary judgment. Hahren v. Brown, 431 Mass. 838, 839-40 (2000), citing, inter alia, Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996).

 The Act also provides an enforcement mechanism:
[a]ny employee claiming to be aggrieved by a violation of section 148 .. . may.. . institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages and other benefits. Any employee so aggrieved and who prevails in such an action shall be entitled to an award of the costs of litigation and reasonable attorney fees.
G.L.c. 149, §150 (2000).

 The Act was entitled “An Act relative to the weekly payment of wages.” American Mutual Liability Ins. Co., 340 Mass. at 143-44.

 In Cumpata the plaintiff, a sales executive, was involved in an Incentive Compensation Plan in which he received bonuses for exceeding his sales quotas. See id. at 167. He argued that his employer violated the Act when it paid him a 20% bonus on a sale, rather than the 40% to which he was entitled under his contract. See id. The court held that the disputed bonus was a contingent payment not covered by the Wage Act because it was above and beyond plaintiffs regular salary, and because it was calculated quarterly (as opposed to regularly), and because involvement in the plan was voluntary. See id. at 168. The court held that the payment was not a wage under G.L.c. 149, §148, even though the plaintiff had fulfilled the contingency.

 The Wage Act applies only to commissions where the amount has been definitely determined and has become due and payable to the employee. §148.