Kern, Leila R., J.
This action involves claims for damages and declaratory relief arising from ChipW-rights Design’s termination of former employee, Dawn Fitzgerald. Ms. Fitzgerald brought suit against the defendants, seeking damages for breach of contract (Count I), violation of the Massachusetts Wage Act, G.L.c. 149, §148 (Count II), declaratory judgment (Count III), and an action to reach and apply pursuant to G.L.c. 214, §3(6) against ChipWrights only (Count IV). The defendants now move to dismiss Count II, and the individual defendants move to dismiss Counts I and III relative to them, for failure to state a claim upon which relief can be granted.[2] For the following reasons, Summary Judgment for Count I as to the individual defendants is ALLOWED, and Summary Judgment for Counts II and III as to all defendants is ALLOWED.[3]

BACKGROUND

Ms. Fitzgerald is a former employee of ChipWrights Design. In February and March 2004, Jack Derby, then interim President and CEO of ChipWrights Design and Ms. Fitzgerald entered into negotiations on the terms of a severance agreement that contemplated Ms. Fitzgerald’s departure from the company. (See Hunter Affidavit, ¶3.) Ms. Fitzgerald alleges that she and Mr. Derby successfully reached an agreement, although ChipWrights did not execute the final copy of the agreement. (See Plaintiffs Affidavit, ¶¶4, 9-10.) The agreement would entitle Ms. Fitzgerald to three months’ notice prior to termination of her employment. The agreement would also entitle her to severance pay and other employment benefits after she ceased working, valued at $102,485.00. (See Plaintiffs Affidavit, ¶¶5-7.)
Ms. Fitzgerald continued working at ChipWrights in a new role as Vice President of Operations until her termination on September 7, 2004. (See Plaintiffs Affidavit, 18.) At this time, Ms. Fitzgerald was offered a separation agreement that included four weeks’ severance and outplacement assistance in exchange for a release of her claims. (See Hunter Affidavit, 18.) Ms. Fitzgerald declined to accept this offer. (See id.)
David Hunter is the former President and Chief Executive Officer of ChipWrights. Wai-Yan Sun is the former Vice President of Finance at the company. John Redford is the company’s former Chief Technology officer. Jeb Hurley is the company’s former Chief Operations Officer. Dennis Costello is an employee of Rock Maple Ventures, a venture capital firm affiliated with ChipWrights. Richard Harris served on the board of ChipWrights, representing the interests of his employer, SpaceVest, a venture capital firm that had invested in ChipWrights. (See Harris Affidavit, 113, 6.) None of the individual defendants were parties to the alleged Employment Agreement between Ms. Fitzgerald and ChipWrights.

DISCUSSION

The Summary Judgment Standard

As noted above, since both parties have submitted affidavits in support of their motions and oppositions, this court will treat the present motion as a motion for summary judgment. Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991); Mass.R.Civ.P. 56(c). The moving parly bears the burden of establishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once this is satisfied, the burden shifts to the party opposing summary judgment to allege specific facts establishing the existence of a genuine issue or issues of material fact. Id. “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial.” Kourouvacilis, 410 Mass. at 711, citing Celetex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and the affidavits. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The summary judgment record must be viewed in the light most favorable to the non-moving party. See Costa v. Boston Redsox Baseball Club, 61 Mass.App.Ct. 299, 300 (2004), and cases cited. The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).

Count I: Summary judgment is granted because the plaintiff has not alleged the individual defendants breached her employment contract.

The plaintiff has presented no argument or evidence that demonstrates the individual defendants were parties to the employment agreement. In fact, the plaintiff has conceded that the individual defendants are not liable for breach of contract under Count I and the amended complaint more precisely articulates a contract claim against only her corporate employer. (See Plaintiffs Memorandum in Opposition to Defendants’ Motion to Dismiss, page 2.) Accordingly, summary judgment is granted as to Count I for the individual defendants.

Counts II and III: Summary Judgment is granted because the compensation due under the Employment Agreement does not qualify as earned wages, as defined by the Massachusetts Wage Act.

The plaintiff claims that ChipWrights’ refusal to pay her compensation under the employment agreement violated G.L.c. 149, §148, which, in part, requires timely payment of earned wages upon an employee’s *560 involuntary termination. More specifically, the plaintiff explains that the agreement provided for three months’ notice of her termination, during which time the plaintiff would be paid her regular salary and benefits. In addition to the compensation due under this three-month notice period, the agreement provided for a further three months of severance pay upon actual termination of her employment.
Severance pay falls outside the scope of the Wage Act. Prozinski v. Northeast Real Estate Seros., LLC, 59 Mass.App.Ct. 599, 605 (2003). The plaintiff, however, argues that the compensation due under the three-month notice period constitutes “earned wages,” which is distinct from her severance pay, and thus falls under the protection of the Wage Act. The present issue is whether the unpaid three months’ salary under the agreement’s notice period does in fact constitute “earned wages,” within the meaning of the Wage Act.
The statute itself does not define “earned wages,” so this court must consider the legislative intent and prior judicial interpretations of the Wage Act ip order to determine the intended meaning. The legislative purpose behind enactment of the Wage Act was to ensure that employees are paid their wages at regular intervals, promptly after they have been earned. See Am. Mut. Liab. Ins. Co. v. Comn’r of Labor & Indus., 340 Mass. 144, 147 (1957); Mut Loan Co. v. Martell 200 Mass. 482, 485 (1909); Prozinski, 59 Mass.App.Ct. at 603. Although the Court has applied the Wage Act to corporate executives as well as lower level employees, the Court has interpreted the statute narrowly, limiting its application to the payment of ordinary wages and wage equivalents. See Cumpata v. Blue Cross Blue Shield of Mass., Inc., 113 F.Sup.2d 164, 167 (D.Mass. 2000); Baptista v. Abbey Healthcare Group, Inc., No. 95-10125, slip op. at 4 (D.Mass. Apr. 10, 1996). The use of the word “earned” in the statute reflects that the work has been performed, and therefore prompt payment is due. See Kittredge v. McNerney, 17 Mass. L. Rptr. 652, 654 (May 7, 2004) (Gants, J.). In the present case, the plaintiff has not earned the three months’ salary under the agreement’s notice period because she did not perform the work. See Kittredge, 17 Mass. L. Rptr at 654; Huebsch v. Katahdin Indus., Inc., 13 Mass. L. Rptr. 180, 182 (July 2, 2001) (Kottmeyer, J.).
Moreover, it is doubtful that the Legislature intended to include within the definition of “earned” wages money that is due to the employee under contractual obligations, regardless of whether the work was performed. See Kittredge, 17 Mass. L. Rptr. at 654; Huebsch, 13 Mass. L. Rptr. at 182. The Court has held that “there is no evidence that the Legislature intended to provide treble damages and attorneys fees and costs to professionals enforcing their asserted contract rights.” See Prozinski, 59 Mass.App.Ct. at 603-04, citing Cumpata, 113 F.Sup.2d at 167; Baptista, No. 95-10125, slip op. at 8. Although the plaintiff carefully distinguishes between her severance pay and the compensation due under the three-month notice period, both claims arise from the employment agreement, rather than the fact that the plaintiff performed the work and earned the wages within the meaning of the Wage Act. Plaintiff may enforce her contractual right to this compensation, but she has no right to enforce its payment under the Wage Act.
Further, the compensation due under plaintiffs employment agreement does not fall within the scope of the Wage Act because it is compensation triggered by a contingency, rather than wages to be paid for hours worked. In Boston Police Patrolman’s Ass’n, Inc., cited by the plaintiff, the court held that earned wages, as the term is used in the Wage Act, “are money to which the employee has an absolute and vested right; it is ‘his [or her] property . . . not subject to any limitations, contingency, or delay’ ” in payment. See Boston Police Patrolmen’s Ass’n, Inc. v. City of Boston, 11 Mass. L. Rptr. 11, 16 (Nov. 16, 1999) (Garsh, J.), quoting Campbell v. Boston, 290 Mass. 427, 430 (1935). Compensation that is “triggered by contingencies” falls outside the scope of the Wage Act. See Cumpata, 113 F.Sup.2d at 167; Dennis v. Jager, Smith & Stetler, P.C., 11 Mass. L. Rptr. 567, 567 (April 10, 2000) (Ball, J.), citing Baptista, No. 95-10125, slip op. at 8-9, In Prozinski, the Appeals Court determined that severance pay is not covered by the Wage Act because it is not earned but rather it is contingent upon the employee’s termination. See 59 Mass.App.Ct. at 603. Similarly, in the present case, the compensation due under the agreement’s notice period was not earned, but rather it was triggered by a condition of the plaintiffs termination.
Thus, even assuming the employment agreement is an operative contract without having been executed by ChipWrights, the compensation due to Ms. Fitzgerald under the agreement is not governed by G.L.c. 149, §148 because such compensation does not constitute “earned” wages under the statute. As a matter of statutory interpretation, neither the compensation due under the notice period nor the severance pay constitutes earned wages within the meaning of the Wage Act. Accordingly, since plaintiff has not stated a claim under the Wage Act, the plaintiff is not entitled to the damages sought under Count II or the corresponding declaratory relief requested under Count III.[4]

ORDER

It is therefore ORDERED that Summary Judgment for Count I as to the individual defendants be ALLOWED and that Summary Judgment for Counts II and III against all defendants be ALLOWED.

Since both parties have submitted affidavits in support of their motion and opposition, this court is treating the present motion as a motion for summary judgment.

Since this court grants the individual defendants’ motion to dismiss on this ground, it need not consider defendant Richard Harris’ motion to dismiss for lack of personal jurisdiction.

Since the plaintiff has failed to state a claim for earned wages under the Wage Act, this court finds it unnecessary to determine whether the individual defendants fall within the statute’s definition of “employer.”